### TOM REED v. STATE.

No. A-4266. Opinion Filed Sept. 8, 1923.
(217 Pac. 1058.)

(Syllabus.)

**Intoxicating Liquors—Possession with Intent to Sell—Insufficiency of Evidence.** In a prosecution for having possession of intoxicating liquor with intent to sell the same, where there is a total absence of direct or presumptive evidence to sustain the charge, the judgment of conviction will be reversed.

Appeal from County Court, Nowata County; R. M. Godfrey, Judge.

Tom Reed was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

C. F. Gowdy, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Tom Reed, was convicted in the county court of Nowata county upon an information charging that he did have in his possession two one-half pints of whisky with the unlawful intent to sell the same, and his punishment was fixed at confinement in the county jail for 30 days and a fine of $50. From the judgment rendered on the verdict he appeals.

It is contended that the testimony was wholly insufficient to support the judgment of conviction.

On an examination of the record we are without doubt as to the propriety and necessity of reversing the judgment. The only evidence on the part of the state was that of P. H. Jones, who testified that he was a deputy sheriff, and on the date alleged he arrested the defendant and found a half pint of whisky on him, and that defendant told him that he got it from a negro in Nowata; that he also found a half pint of whisky behind the barn. This was all the testimony introduced by the state. The Attorney General very properly refuses to sustain the judgment.

Mere possession of a half pint of whisky, without any facts in evidence from which it could be reasonably inferred that the same was had for the purpose and intent of sale, is not sufficient upon which to base a conviction upon the charge of having possession of such intoxicating liquor with intent to sell the same.

Because there was no evidence tending to show an unlawful intent, the judgment of conviction is reversed.

MATSON, P. J., and BESSEY, J., concur.