TESTOLIN, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 24—November 17, 1925.*

*Arrest: On suspicion: Search and seizure: Officer having no knowledge that bottles which he saw contained illicit liquor.*

The arrest without warrant of the defendant, who was seen by a police officer to hand to another person and receive back two bottles, the officer knowing nothing of their contents, is illegal; and evidence obtained by the seizure and examination of the bottles was inadmissible in the trial of defendant, who was arrested for possessing intoxicating liquor.

ERROR to review a judgment of the circuit court for Fond du Lac county: BYRON B. PARK, Judge. *Reversed.*

Plaintiff in error, hereinafter called defendant, was informed against for having in his possession in the city of Fond du Lac on January 27, 1925, unlawfully privately distilled intoxicating liquor and that he did deal and traffic in the same. On the trial timely objection to and motion to suppress the evidence as to the contents of certain bottles was made on defendant's behalf and denied. He was found guilty of and sentenced for the said unlawful possession and sues out this writ of error.

For the plaintiff in error there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *James Murray,* district attorney of Fond du Lac county, and oral argument by *Mr. Messerschmidt* and *Mr. Murray.*

ESCHWEILER, J. About 9 p. m. of January 27, 1925, a police officer of Fond du Lac saw the defendant standing behind the Public Service building; another man approached the defendant, to whom defendant handed two bottles which

were handed back. Both men were unknown to the officer. The officer followed the other man up one of the streets and then came back and near to the Public Service building, and as he then approached defendant the latter placed two bottles on the ground and walked towards the officer. Defendant was asked by the officer what he was doing back of the building and answered "Nothing." He was asked, "What is in those bottles?" and said "I don't know, they don't belong to me." A truck then drove up, from which the other man above mentioned jumped out and went down the alley. The officer then picked up the bottles, placed defendant under arrest, and took him into the Public Service building to await the patrol wagon. While in there the ticket agent said in a joking manner, "What is in there, moonshine?" The defendant said, "No, good liquor." The defendant on being taken to the station was charged and booked as being in possession of illicit liquor. The bottles were of dark color so that nothing could be learned of their contents from inspection. They were then opened and found to contain privately distilled alcoholic liquor. The officer testified that he knew nothing of the contents of the bottles when he made the arrest and that it was made on suspicion. No search warrant was issued.

We consider that the arrest, the seizure, and subsequent examination of the bottles were all one transaction. The arrest was illegal (*Stittgen v. Rundle,* 99 Wis. 78, 80, 74 N. W. 536), and the evidence obtained by the seizure was not properly received over the objections interposed by defendant. This case is controlled in defendant's favor by the very recent rulings of this court in *Allen v. State,* 183 Wis. 323, 197 N. W. 808; *Jokosh v. State,* 181 Wis. 160, 193 N. W. 976; and *State v. Warfield,* 184 Wis. 56, 198 N. W. 854, and we shall not go over the same ground again here. The recent decisions by the United States supreme court on March 2, 1925, of *Carroll v. U. S.* 267 U. S. 132, 45

Sup. Ct. 280, and of *Steele v. U. S.* 267 U. S. 498, 45 Sup. Ct. 414, 417, decided April 13th, do not militate against this holding.

*By the Court.*—Judgment reversed, and cause remanded with directions to discharge the. defendant.

VINJE, C. J., and ROSENBERRY, J., dissent.