## ALFRED HALTOM v. STATE.

No. A-8947.   Oct. 18, 1935.
(50 Pac. [2d] 744.)

E. W. Snoddy and H. C. Crandall, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.   In an information filed in the county court of Woods county, Alfred Haltom, the defendant, was charged with the offense of possession of intoxicating liquor, a pint of wine, in said county, on the 22d day of December, 1934, with the unlawful intent to sell or otherwise dispose of the same.

Upon his trial, the jury returned a verdict finding him guilty as charged, but failed to agree upon the punishment.   Motion for a new trial was duly filed and denied. March 5, 1935, the court sentenced the defendant to be confined in the county jail for thirty days, to pay a fine of $50, and to pay the costs of the prosecution.

The principal ground relied upon for a reversal of the judgment is that the evidence is not legally sufficient to support the verdict.

The undisputed facts are that Nels Nelson, a deputy sheriff, was driving by and saw defendant, Alfred Haltom, Jimmy Bay, and Walter Wing standing near the Farmers Oil Station at the southeast corner of the courthouse square in Alva.   Bay was taking a drink out of a pint bottle and handed defendant, Haltom, the bottle.   The officer stopped his car, walked up to the men, and said:

"What's going on here, let me have that bottle."

Defendant said:

"Nothing, I think it is wine."

The officer took the bottle and told them to report on Monday at the sheriff's office. The officer took the bottle to Mr. Lisk to analyze its contents. On Monday he verified the information, and this prosecution followed.

G. M. Lisk of the department of chemistry, N. W. Teachers College, testified that he analyzed the contents of the bottle and found the alcoholic content by volume 42.9, by weight 35.9.

At the close of the state's evidence, a demurrer was interposed and overruled. Defendant then moved for a directed verdict on the ground that the state had failed to establish facts sufficient to constitute a public offense. This was also overruled.

On the part of the defense, the testimony of Walter Wing and defendant was to the effect that Jimmy Bay had the bottle, took a drink, and was handing it to defendant when officer Nels Nelson stepped up, took the bottle from Bay, and ordered them to report at the courthouse Monday morning.

It cannot be said that a misdemeanor is committed in the presence of an officer unless the acts constituting the offense become known to him at the time they are committed, through his sense of sight, or through other senses; although a person may actually be committing a criminal offense, it is not committed in the presence of an officer within the meaning of the statute if the officer does not know it. And where the officer could not observe and become cognizant of the act constituting the offense by the use of his senses, it could not be committed in his presence

so as to authorize an arrest without a warrant. Keith v. State, 30 Okla. Cr. 168, 235 Pac. 631.

In the case of Testolin v. State, 188 Wis. 275, 205 N. W. 825, the Supreme Court of Wisconsin said:

"The officer testified that he knew nothing of the contents of the bottles when he made the arrest, and that it was made on suspicion. No search warrant was issued.

"We consider that the arrest, the seizure, and subsequent examination of the bottles were all one transaction. The arrest was illegal (Stittgen v. Rundle, 99 Wis. 78, 80, 74 N. W. 536), and the evidence obtained by the seizure was not properly received over the objections interposed by defendant. This case is controlled in defendant's favor by the very recent rulings of this court in Allen v. State, 183 Wis. 323, 197 N. W. 808 [39 A. L. R. 782], Jokosh v. State, 181 Wis. 160, 193 N. W. 976, and State v. Warfield, 184 Wis. 56, 198 N. W. 854, and we shall not go over the same ground again here. The recent decision by the United States Supreme Court on March 2, 1925, of Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543 [39 A. L. R. 790], and of Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757, decided April 13th do not militate against this holding."

In the case of State v. Munson, 111 Kan. 318, 206 Pac. 749, the Supreme Court of Kansas said:

"The subject of what constitutes corporeal possession was discussed in the opinion in the case of State v. Metz, 107 Kan. 593, 595, 193 Pac. 177. In this instance, possession may not be attributed to the defendant, because an essential element of possession is lacking. The person having custody simply handed the liquor to the defendant to take a drink. The liquor was accepted for that purpose only. The quantity appropriated, if any, was consumed by the act of appropriation, and the remainder, if any, was not held under any continuing claim to exclusive use."

It is an admitted fact that the officer knew nothing of the contents of the bottle when he seized the same.

The possession without an intent to sell or convey does not constitute an offense any more than an intent to sell or convey without possession would constitute an offense.

The course of conduct of this zealous, eagle-eyed officer of the law, on the eve of Christmas, calls to mind the following lines,

"Man, man, proud man,
Clothed with a little brief authority,
Cuts such antics before high heaven,
As make angels weep."

In our opinion, the evidence is insufficient to show defendant's possession of the liquor in question, and assuming possession to be shown, the amount seized being less than a pint, there would be no presumption of intent to violate the liquor enforcement act.

It follows from what has been said that the court erred in refusing to advise the jury to return a verdict of not guilty.

Because the conviction is contrary to law and to the evidence, the judgment of the lower court is reversed, and the case is remanded, with direction to dismiss, and costs occasioned by this appeal taxed to the county of Woods.

DAVENPORT, P. J., concurs. EDWARDS, J., dissents.