## EARL BLACK v. STATE.

No. A-9246.   Dec. 23, 1937.

(74 P. 2d 1172.)

A. J. Stevens, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter for convenience referred to as the defendant, was by information filed in the county court of Woods county, Okla., charged with the crime of possession of intoxicating liquor in said county, on the 20th day of January, 1936, with the unlawful intent to sell or otherwise dispose of the same.   Upon his trial the jury returned a verdict finding the defendant guilty as charged.   Motion for a new trial was filed, considered, overruled, and the defendant reserved an exception.   On the 21st day of November, 1936, the court sentenced the defendant upon the verdict rendered by the jury to be confined in the county jail of Woods county for 60 days at hard labor, and to pay a fine of $50 and costs taxed at $29.45.

The testimony in brief is that Ken Greer, the sheriff of Woods county, and Nels Nelson, a deputy sheriff, were

returning to the city of Alva, and out by the river at a temporary crossing, after they crossed the river they discovered a car with the defendant and one other man sitting in the car off a ways from the highway. It appears that Nels Nelson saw the car and asked Mr. Greer to pull over toward the car.

There is no testimony to show that the defendant in this case, or the man in the car with him, were misbehaving in any way whatever. In order to justify the conduct of the officers who left the road and drove out to where the defendant and the man were in the car, the deputy attempts to say they arrested the defendant for drinking in a public place

There is not a word in the record to show that where the defendant was parked was a public place. This statement of the deputy, in the opinion of the court, is a subterfuge to try to justify their unlawful act in going out and disturbing the defendant and his companion, and searching the car. Nelson claims to have seen the defendant taking a drink; the sheriff, Ken Greer, did not see anything of that kind. Deputy Nelson could not have known, if it be a fact, that the defendant was drinking out of a bottle, the contents of the bottle. They did not have a warrant for the arrest of the defendant or to search his car, and when they left the road where they were driving, and drove out toward the defendant's car, they began to and were committing, so far as the defendant was concerned, an unlawful search and seizure.

The officers claim to have found a quantity of whisky in the defendant's car after they searched it, claiming they had put the defendant under arrest for drinking in a public place before they searched it.

At the close of the state's evidence the defendant interposed a demurrer to the same, which was overruled, and an exception saved.

There is no testimony in this case to show that a misdemeanor was committed in the presence of the officers, and unless the offense became known to him at the time committed through his sense of sight, or through other senses, although the defendant was actually committing a criminal offense, it is not committed in the presence of the officer if the officer does not know it. And where the officer could not observe and become cognizant of the act constituting the offense by the use of his senses, it could not be committed in his presence so as to allow arrest without a warrant. Keith v. State, 30 Okla. Cr. 168, 235 Pac. 631; Haltom v. State, 58 Okla. Cr. 117, 50 Pac. 2d 744.

Under the laws of our state a person has a perfect right to drive upon the highways and country roads, or temporary roads. established for travelers, and if he so desires he has a perfect right to drive off the highway and stop his car, and as long as he is peacefully remaining in his car the officers of the law have no authority to go over to the car and demand to see what is going on or what they are doing. When they do so they are trespassers and violators of the rights of the citizen, and where it clearly appears from the record, as in this case, that when they had driven out toward the defendant's car and stopped and rushed up to it they cannot justify their presence that the defendant was drinking in a public place.

The defendant was convicted on a charge of possession of whisky with intent to barter, sell, give away, or otherwise dispose of the same. There is no testimony whatever to justify this charge. No testimony showing

that the defendant was engaged in the whisky business, or had ever been arrested, tried, or convicted on a charge of violating the prohibitory laws. Such conduct as the deputy sheriff in this case is guilty of is what brings disrespect for many officers of the law. This court desires to uphold the officers and protect them in their rights as officers in the enforcement of the laws of this state, but it cannot condone and justify a violation of the law by the officers, or subterfuges they will resort to in order to try to justify their unlawful and willful acts. All of the evidence secured against this defendant was unlawfully secured and should have been excluded from the jury upon the defendant's objection, and the demurrer to the evidence should have been sustained.

The judgment of the trial court is reversed, with directions to dismiss.

DOYLE and BAREFOOT, JJ., concur.