BILL KNIGHTON v. STATE.

No. A—9410. May 27, 1938.

(79 P. 2d 1030.)

C. L. Hill, of Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. Upon information filed in the county court of Seminole county, charging that on or about the 7th day of May, 1937, in said county, Bill Knighton, did unlawfully have in his possession 1½ pints of whisky, with the unlawful intent to sell, barter, give away or otherwise dispose of the same, he was tried and convicted, and his punishment assessed at a fine of $50 and confinement for 30 days in the county jail.

Motion for new trial was duly filed, presented and overruled.

To reverse the judgment rendered on the verdict June 29, 1937, he appeals.

The defendant contends that the judgment should be reversed for the following reasons: That the court erred in overruling the motion to suppress the evidence; that incompetent evidence was admitted to the prejudice of the defendant, and that the verdict of the jury is contrary to the law and the evidence.

The state called but one witness, Bud Gordon, who testified that he was a constable in Seminole county, and with Eric Nicholson and Boss Rhea, in executing a search warrant went to the defendant's place in Seminole county, a mile west and a half mile north of the Mekusukey Mission.

That the defendant's dwelling house had a lunch counter where he sold 3.2 beer and lunches; that he found there on a table a quart bottle a little over half full of whisky and some gin in a glass. That he asked the defendant if that was all the whisky he had. Defendant said "Yes."

He further testified as follows:

"Q. Does that place bear the general reputation of being a place where liquor is kept and sold."

Objection overruled. Exception.

"A. Yes, sir. Q. Have you ever had occasion to go out there before and search for liquor, Bud? A. Yes, sir."

On cross-examination he stated that his information was from what some of the officers told him; that he did not know what the reputation of the place was among the folks in that neighborhood.

Redirect.

"Q. You told Judge Hill that you hadn't talked to any of the neighbors out there, do you know the general reputation of that place among any of the people over on that side of the county? Objection overruled. Exception. A. Yes, sir."

The state rests. Thereupon defendant demurred to the evidence on the ground that the same is insufficient to sustain a conviction. Demurrer overruled. Exception.

As a witness in his own behalf, the defendant testified that he was present when Constable Gordon searched his place; that there was a little less than a pint of whisky in a bottle on a table in the kitchen, that he had for his own personal use, and a little gin in a glass on the table. That

he saw the officers coming in at the gate and had plenty of time to destroy the whisky but he had it there for his own personal use; that he with his family had lived at that place for five years.

On cross-examination he stated that he ran a barbecue stand, served sandwiches, and chicken dinners, had a beer license and served beer, did not sell intoxicating liquors. Before moving on the place he railroaded for 25 years; that he one time had pleaded guilty to unlawful possession of liquor.

Jack Mitchell, deputy court clerk of Seminole county, over defendant's objections was permitted to identify an information filed in the county court of Seminole county, July 23, 1935, charging the defendant with unlawful possession of intoxicating liquor, and the commitment issued on a plea of guilty, committing Bill Knighton to the county jail for 30 days and to pay a fine of $50.

To justify or sustain a conviction of having possession of intoxicating liquor with intent to violate any provision of the prohibitory liquor law, there must be evidence sufficient, not only to prove possession, but also to prove criminal intent.

There was no competent evidence showing unlawful intent. The mere possession of intoxicating liquor, without intent to convey, sell or otherwise dispose of such liquor, is not a crime.

The statute (sec. 2626, Sts. 1931) as amended, Session Laws, 1933, ch. 153, sec. 3, p. 339, 37 Okla. St. Ann. § 82, provides that the keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors, which contains more than 3.2 per cent. alcohol, measured by weight, "shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors."

In the instant case it was an undisputed fact that the amount of whisky seized was only about one pint.

To prove unlawful intent the state attempted to show the general reputation of the defendant's place. The questions asked were leading and suggestive. However, the witness for the state did not qualify as knowing the general reputation of the defendant's place, and for this reason the court erred in overruling the defendant's objections.

The word "reputation" when unqualified in common parlance means "general reputation". What peace officers say to one another about a man's place is not reputation. Reputation is what people generally in the community say of a place. Tarbutton v. State, 57 Okla. Cr. 442, 48 P.2d 877.

" 'Reputation' is said to be the common knowledge of a community," and " 'Reputation' is defined to be the concurrence of many voices to the same fact." 7 Words and Phrases, First Series, p. 6119.

It is not necessary to consider the other questions presented. For the errors indicated, and because the evidence is insufficient to sustain the verdict, the judgment of the lower court is reversed.

DAVENPORT, P. J., and BAREFOOT, J., concur.