SADIE THOMAS v. STATE.

No. A-9714.   Oct. 23, 1940.
(106 P. 2d 836.)

Mathers & Mathers, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant Sadie Thomas, was charged in the county court of Grady county, Okla., with the crime of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 60 days in the county jail, pay a fine of $100 and costs, and has appealed to this court.

The information filed against the defendant charges her with the unlawful possession of one-half pint of whisky and three-fourths of a pint of dry gin.

The defendant raises two questions on this appeal:

First. Error of the court in overruling her motion to quash the information.

Second. Error of the court in overruling her demurrer to the state's evidence.

In connection with the first assignment of error, the motion to quash the information was presented on the grounds that the information was not verified as required by law before being filed with the county court. This motion was filed after the defendant had been arraigned and had entered her plea of not guilty. The defendant did not ask permission to withdraw her plea of not guilty for the purpose of filing the motion to quash, but the motion to quash was filed several months after her arraignment and plea.

Under the decisions of this court, when the defendant was arraigned and entered her plea of not guilty without questioning the sufficiency of the information, she is deemed to have waived any irregularities therein. In re Cummings, 11 Okla. 286, 66 P. 332; Ex parte Talley, 4 Okla. Cr. 398, 112 P. 36, 31 L. R. A., N. S., 805; Brown v. State, 9 Okla. Cr. 382, 132 P. 359; Simpson v. State, 16 Okla. Cr. 533, 185 P. 116.

For this reason the court did not err in overruling the motion to quash.

The state introduced the evidence of three officers who testified, in substance, that they went to the home of the defendant in Chickasha on August 12, 1938, shortly after noon. That they looked in the refrigerator of the defendant in her kitchen and found a pint bottle about half filled with whisky and another pint bottle about three-fourths full of dry gin. No other liquor was found. Two empty quart bottles with whisky labels on them were found behind the kitchen door. One of the officers testified that he looked in one of the drawers of the kitchen cabinet and found two or three small glasses which he took to be dram glasses. That the defendant was sitting in the southeast bedroom sewing on a dress when they entered her home. That her daughter was there with her and no one else was in the house. The defendant complained to the officers of being sick.

No other evidence was introduced by the state. The defendant interposed her demurrer to the evidence, insisting that the state had failed to prove that the defendant had committed any offense against the prohibition laws of the state of Oklahoma, which demurrer was overruled and exception allowed to the defendant.

We think this demurrer should have been sustained. However guilty the defendant may have been, the state has

# 407

wholly failed to make a prima facie case. Less than one quart of whisky was found. The state made no effort to prove that the place where the whisky was found was a place of public resort and that it had the general reputation of being a place where intoxicating liquors were sold, which they would have had a right to do in order to establish the unlawful intent of the defendant in the possession of liquors. Winton v. State, 50 Okla. Cr. 1, 295 P. 400; Eastridge v. State, 57 Okla. Cr. 323, 48 P. 2d 869; Reed v. State, 24 Okla. Cr. 305, 217 P. 1058; Buckley v. State, 69 Okla. Cr. 285, 102 P. 2d 619.

It is not against the law to have possession of liquor in Oklahoma for your own use; but it is against the law to have the possession with intent to sell. The intent to sell is an element of the offense and must be proved the same as any other element. The Legislature has provided that the possession in excess of one quart of intoxicating liquor is prima facie evidence of an intent to violate the law (2626 O. S. 1931, as amended by Session Laws of 1933, ch. 153, p. 339; 37 Okla. St. Ann. § 82); but where the possession is of less than one quart, the intent to sell must be proved by the state.

This court believes in the enforcement of the prohibition law, but we cannot violate the rules of evidence in order to uphold the hands of the officers in the enforcement of this law. It would be a travesty on justice to sustain this conviction in the face of such weak evidence as was presented by the state. The proof is so weak that the case should never have been filed by the county attorney.

For the reasons hereinabove stated, the judgment of the county court of Grady county is hereby reversed and the defendant discharged.

DOYLE, P. J., and BAREFOOT, J., concur.