# TOM RAINEY v. STATE.

No. A-9712.   Nov. 13, 1940.

(107 P. 2d 371.)

R. Place Montgomery, of Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Tom Rainey, was by information on January 21, 1939, charged in the county court of Kiowa county, Okla., with the unlawful possession of intoxicating liquor; was tried, convicted and sentenced to serve a term of 30 days in the county jail and pay a fine of $50, and has appealed to this court.

The defendant makes many assignments of error which are presented to this court under the following headings:

(1) The court erred in overruling defendant's demurrer to the evidence, since the element of intent to sell was not proven by the state.

(2) Error in the instructions of the court.

(3) Reversible error committed by the county attorney in his argument to the jury.

In connection with the first assignment, it is contended by the defendant that the proof of the state did not show a possession in excess of one quart of whisky, and that since the proof did not show this, it was mandatory on the state to prove the unlawful intent with which the possession was had.

The evidence discloses that two officers went to the home of the defendant on January 20, 1939. They had a search warrant. As they came to the front door, Roy Williams, the stepson of the defendant, went out the back door carrying a water bucket. The officers searched the house and found a fruit jar sitting on the kitchen floor, which they both smelled and testified had a strong odor of whisky. One of the officers testified that there was about a spoonful of whisky remaining in the jar. Sitting

next to the jar was a funnel which also smelled strongly of whisky and which apparently had been used in transferring whisky from the fruit jar to the two pint bottles of whisky, which were later found. The garbage bucket sitting in the kitchen also bore a strong odor of whisky; and it was the theory of the state that the fruit jar had been emptied into the bottles over the garbage bucket. After searching the house, the officers went outside the house and found the bucket, which the stepson had carried out of the house, sitting by what was called the "separator house." The bucket was apparently full of oats; and hidden under the oats, the officers found two full pints of whisky. Several empty bottles with whisky labels on them were found in a barrel at the back of the house.

The defendant did not testify, and the only witness offered in his defense was the stepson, who testified that he found the jar of liquor when he went after the cows and brought it to the house and poured it in bottles. That the defendant told him to take the liquor out of the house, as he didn't want it around there. That he was not hiding the whisky from the officers, but was taking it out to where he could hide it and drink it when he got ready.

The whole argument of the defendant is based upon the erroneous assumption that less than one quart of whisky was found on the premises. For the purpose of considering the demurrer to the evidence which is urged as one of the assignments of error herein, this court must assume the truthfulness of the statements made by the officers. The Legislature has provided that the possession in excess of one quart of intoxicating liquor is prima facie evidence of an intent to violate the law. Section 2626, O. S. 1931, as amended by Session Laws of 1933, ch. 153, p. 339, 37 Okla. St. Ann. § 82.

It is not for us to say that you must have any certain quantity in excess of one quart; but, under the statute, if there is any evidence to show that the defendant has possession of more than one quart of whisky, then such evidence is sufficient to make a prima facie case; and accordingly raises a question of fact for the determination of the jury as to the intent with which the possession is had. Since, under the testimony of the officers, there was a spoonful of whisky in the fruit jar in addition to the quart which was found in the bucket, this would be sufficient to make a prima facie case.

It would be much better if the county attorneys would keep informed of the decisions of this court; and where charges of possession of intoxicating liquor with intent to sell are filed, which are borderline cases, such as the one herein, they should make a showing as to the evidence of the general reputation of the accused's home as a place where intoxicating liquors are sold, as having a bearing on the criminal intent. This evidence, however, can only be introduced after a proper predicate is laid showing that the accused's home was a place of public resort. It is apparent from the nature of the evidence in cases that are frequently coming before this court that some county attorneys are confused as to just when evidence of the general reputation of the accused's home as a place where intoxicating liquors are sold is admissible. We have set forth the rule in several cases. See Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d 836; Williams v. State, 25 Okla. Cr. 284, 220 P. 667; Eastridge v. State, 57 Okla. Cr. 323, 48 P. 2d 869; Lotta v. State, 30 Okla. Cr. 105, 235 P. 245; Buckley v. State, 69 Okla. Cr. 285, 102 P. 2d 619.

The defendant further contends that the court erred in instructing the jury that the possession in excess of one quart of intoxicating liquor is prima facie evidence of an

intent to sell. This instruction was proper, as it clearly submits to the jury for their determination the question of fact as to whether the defendant had the possession in excess of one quart, and merely instructs them that if they find that the defendant did have possession in excess of one quart, that such possession is prima facie evidence of an intent to violate the law.

Finally, it is contended that the county attorney erred in his concluding remarks to the jury, in which it is contended that he made the following statement: "It was natural for the defendant or the accused person to deny having anything to do with the crime"—for the reason that such statement by the county attorney was a comment on the failure of the defendant to testify.

This statement, if made, was improper, but there is no proper record in the case-made establishing that such statement was made by the county attorney; and in the absence of proof of such statement being made, this court will not consider such an assignment of error.

There are various other assignments of error, but they are all directed to the propositions herein above discussed.

From the foregoing, it will be seen that the judgment of the county court of Kiowa county should be affirmed.

It is so ordered.

DOYLE, P. J., and BAREFOOT, J., concur.