## ROB BATEMAN v. STATE.

No. A-9804.   May 7, 1941.
(113 P. 2d 398.)

Mac Q. Williamson, Atty. Gen., and M. F. Hudson, Co. Atty., of Idabel, for the State.

C. D. Wilkinson, of Idabel, for defendant.

BAREFOOT, P. J.  Defendant Rob Bateman was charged in the county court of McCurtain county with the unlawful possession of intoxicating liquor, to wit, about one quart of whisky; was tried, convicted, and sentenced to pay a fine of $100 and serve 30 days in the county jail, and has appealed.

The court has not been favored by an oral argument in this case or by the filing of a brief.  We have examined the petition in error and have read the record, and find that the evidence is insufficient to sustain the judgment and sentence.

The evidence revealed that defendant, in company with a number of other parties, went in a truck belonging to Mr. McDonalson to a dance near Clear Lake in McCurtain county.  Two constables were present at the dance and saw defendant sitting in a truck near the home where the dance was in progress.  The truck belonged to Ed Crawford, who had also taken several parties to the dance. They approached the truck and opened the door and saw a quart bottle about two-thirds full of whisky and arrested the defendant, and this charge was filed and defendant convicted as above stated.  The officers testified that the bottle was about two-thirds full, being less than a quart. The defendant testified that the officers took him from the truck and searched him and then went to the truck

and found the liquor. That the McDonalson truck in which he had come to the dance had left and that he asked permission to ride home in the Ed Crawford truck, and when this was obtained he had gotten into the truck. That he did not know there was any whisky there and that the whisky did not belong to him. Several witnesses testified that they had accompanied the defendant to the dance in the truck and he did not have any whisky. They also testified that they had seen several parties getting into and out of the truck during the evening. It was parked in the yard near the house in which the dance was being held. The defendant testified that at one time he had pleaded guilty to a violation of the liquor laws.

The court did not instruct the jury upon the question of unlawful possession of intoxicating liquor as provided by Oklahoma Statutes 1931, section 2627, O. S. A. title 37, sec. 31, but only instructed upon the question of keeping in excess of one quart of intoxicating liquor as provided by Oklahoma Session Laws 1933, chapter 153, section 3, O. S. A. title 37, sec. 82. This statute has reference to the evidence introduced in any given case and is not the statute making it a crime to have the possession of intoxicating liquor. This statute would have no application to the facts here involved for the reason that the evidence of the state only showed that the amount of liquor found in the possession of defendant was less than one quart. Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d 836; Knighton v. State, 64 Okla. Cr. 322, 79 P. 2d 1030; Barksdale v. State, 34 Okla. Cr. 91, 244 P. 828; Byers v. State, 46 Okla. Cr. 358, 287 P. 1075; Reed v. State, 24 Okla. Cr. 305, 217 P. 1058; Haltom v. State, 58 Okla. Cr. 117, 50 P. 2d 744. The giving of this instruction was prejudicial to the rights of the defendant for the reason that the evidence did not justify it.

For the reasons above stated the judgment of the county court of McCurtain county is reversed.

JONES, J., concurs. DOYLE, J., absent.