## NAPOLEON THOMAS v. STATE.

No. A-9807. May 14, 1941.
(113 P. 2d 609.)

Bruce & Rowan, of Oklahoma City, for defendant.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J. Defendant, Napoleon Thomas, was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxica-

ting liquor, to wit: one-half gallon of nontax-paid liquor; was tried by the court after having waived a jury, found guilty, and his punishment assessed at a fine of $50 and a term of 30 days in the county jail, and has appealed.

The charge against this defendant was the outgrowth of a search of his home without a search warrant. On the early morning of July 30, 1939, two deputy sheriffs of Oklahoma county were sent by the sheriff's office to 608 Wisconsin avenue, Oklahoma City, to investigate some disturbance. On arriving there the officers observed through the windows several Negroes engaged in a crap game. They entered the house and arrested four of the participants in the game and seized the money that was on the table, which amounted to about 18 cents. The defendant was not in the game, but was asleep in an adjoining room. He was awakened by the officers who stated that they saw the defendant take a half-gallon jar from the icebox and empty a part of its contents into the stove. They recovered a part of it, about a half pint, and pronounced it corn whisky. They delivered this to the sheriff and it was introduced in evidence. The officers were unable to testify as to the amount of liquor in the jar. They at no time had a search warrant for the purpose of searching the premises. There was no proof that the place had the reputation of being a place where intoxicating liquors were kept or sold or that it was "used as a store, shop, hotel, boarding house, or place for storage, or * * * a place of public resort." Oklahoma Statutes 1931, sec. 2639, O. S. A., title 37, sec. 88.

The defendant testified that the place where he was arrested was his home and that he lived there with his wife. He was arrested and taken to jail with the other parties who were engaged in the crap game, and he further testified that he did not know what charges were to be

120

preferred against him. He denied any knowledge of the liquor.

The officers had the right to arrest the parties whom they saw participating in the crap game, but the defendant was in an adjoining room asleep, according to their testimony. We hardly think that the evidence in this case is strong enough to sustain the charges preferred. The amount of liquor was less than one quart, and this, of course, would not constitute prima facie evidence of defendant's intent to violate the law. Where the amount of liquor seized was less than one quart, it was necessary for the state to prove intent to violate the law on the part of the defendant. Oklahoma Session Laws 1933, chapter 153, sec. 3, O. S. A. title 37, section 82; Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d 836; Knighton v. State, 64 Okla. Cr. 322, 79 P. 2d 1030; Barksdale v. State, 34 Okla. Cr. 91, 244 P. 828; Byers v. State, 46 Okla. Cr. 358, 287 P. 1075; Reed v. State, 24 Okla. Cr. 305, 217 P. 1058; Haltom v. State, 58 Okla. Cr. 117, 50 P. 2d 744.

Taking into consideration all the testimony, we are of the opinion that the judgment and sentence of the court of common pleas of Oklahoma county should be reversed and defendant discharged. It is so ordered.

JONES, J., concurs. DOYLE, J., absent.