# ROSA BUSBY v. STATE.

No. A-9991.   April 29, 1942.

(125 P. 2d 775.)

Mathers & Mathers, of Oklahoma City, for defendant.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and T. H. Williams, Jr., Co. Atty., of Chickasha, for the State.

BAREFOOT, P. J.   The defendant, Rosa Busby, was charged in the county court of Grady county, Oklahoma, for unlawful possession of intoxicating liquors, to wit: three-fourths pint of tax paid whisky, and one-half pint of gin, was tried, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail.

It appears that the charge in this case was the result of a search of the home of defendant in Chickasha, Grady county, Okla., on the 10th day of August, 1940, and the finding of the intoxicating liquors above described. Defendant was living at the premises with her children, and

she and her husband were living separate and apart, although she testified that he was present at the time of the search, but that he was asleep.

For a reversal of this case, it is contended that the evidence presented by the state is insufficient to sustain the judgment and sentence. There is no serious contention as to the legality of the search warrant. The state offered the evidence of three officers:—W. R. Thomas, Chief of Police, Leon Hinton and Ernest Kell, city policemen. These officers testified to making the search and finding the liquors above described. They testified that at the time of the search, numerous persons who did not live there were present and gave their names. That the bottle of gin was taken from the cabinet, and the defendant stuck "another bottle down the neck of her dress." She gave this bottle to the officers only after being told that she was under arrest. Several "dram" glasses were sitting on the table and whisky had been poured into some of them and the parties present were drinking. The officers smelled whisky upon the breath of a number of those present. The three officers also testified that they had been acquainted with the premises for a number of years, that they had often seen parties going to and from the premises who did not live there and with every indication that they had been drinking intoxicating liquors, and they also testified that the general reputation of the premises was that it was a place where people congregated in large numbers for the purpose of drinking, and that it was a place of public resort and the reputation of the same was bad.

Defendant was the only witness and she testified to having possession of liquor, but not for the purpose of sale. She testified that some of the parties present were relatives and that no intoxicating liquor was sold by her

to anyone present. On cross-examination, she admitted having been previously convicted in the city court for drunkenness. The evidence is somewhat conflicting, as will be noted from the above statement. Under section 3, ch. 153, Session Laws, 1933, O. S. A. (1941), Title 37, sec. 82, the having possession of in excess of one quart of intoxicating liquor is prima facie evidence that the same is possessed with the intent to convey, sell, or otherwise dispose of such liquor in violation of law. In this case, the evidence was not definite that the amount found in possession of the defendant was in excess of one quart, but if one has possession of any amount of intoxicating liquor, as defined by the statute, and this possession is for the purpose and with the intent of selling, conveying, or otherwise disposing of the same for the purpose of violating the law, then the defendant would be guilty of unlawful possession, notwithstanding the amount. Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900; Rainey v. State, 71 Okla. Cr. 1, 107 P. 2d 371; Smith v. State, 62 Okla. Cr. 33, 69 P. 2d 671; Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d 836.

In the Thomas Case, supra, the case was reversed because the evidence was insufficient. But here the state proved that the place was a place of public resort and had the reputation of being a place where intoxicating liquor was sold. In fact, a number of people were assembled there and were drinking at the very time the search was made. This, with the other circumstances proved, was sufficient to sustain the verdict of the jury and the judgment and sentence rendered.

From the above statement, it is evident that the jury passed upon the question of intent and by their verdict found the defendant was in possession of liquor for the

purpose and with the intent to "sell, convey or otherwise dispose of same" contrary to law.

For the reasons above stated, the judgment and sentence of the county court of Grady county is affirmed.

JONES and DOYLE, JJ., concur.