## BYRD v. STATE.

No. A-11089.  March 29, 1950.

(216 P. 2d 596.)

130

Wimbish & Wimbish, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Annie Byrd, was charged in the county court of Pontotoc county, with the unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve 30 days in the county jail, and pay a fine of $50 and costs, and has appealed.

The proof of the state showed that four officers of Pontotoc county, including the Chief of Police of the city of Ada, armed with a search warrant, went to the premises occupied by the defendant, and after a search found 18 pint bottles of whisky in a wardrobe closet with a false bottom. No evidence was offered on behalf of defendant.

It is first contended that the search was in violation of the constitutional rights of the accused. Before the commencement of the trial, a motion to suppress the evidence because of the alleged illegality of the search was filed by counsel for defendant. The record does not disclose that any evidence was introduced in support of the motion, but merely shows that it was overruled with an exception allowed to the defendant.

In the brief of defendant it is stated:

"There was no proof that the affidavit to obtain the search warrant was sufficient under the law; there was no proof as to what officer, if any, the warrant was directed; no proof that any copy of said search warrant was ever served on defendant, and therefore the search was unlawful."

The burden is upon one alleging the invalidity of a search to introduce evidence to show that the search was invalid. Staley v. State, 73 Okla. Cr. 355, 121 P. 2d 324.

The officers testified that they had a search warrant. However, the search warrant was never introduced in evidence. Neither was the affidavit for the search warrant introduced in evidence. If these instruments were legally insufficient, counsel for defendant should have introduced them as evidence in support of his motion as the burden was upon defendant to sustain the allegations of the motion to suppress evidence. There is an entire absence of evidence in the record which would justify us in concluding that the search was unlawful.

It is also contended that the court erred in allowing the county attorney to ask the following questions:

"Q. Based on your information of that being a place of public resort, do you know what the reputation of that place is with reference to being a place where the liquor is sold and kept? A. Yes, sir. Q. What is it? A. A place for selling whisky. Q. And that was prior to the 11th day of February of this year? A. Yes, sir."

It is established law that in a prosecution for illegal possession of intoxicating liquor with intent to sell, the state after making a proper showing that the home of the accused was a place of public resort, may then introduce evidence of the general reputation of the home of accused as a place where intoxicating liquors are sold. This evidence is admissible as an aid in determining the intent with which the liquors are possessed. Rainey v. State, 71 Okla. Cr. 1, 107 P. 2d 371; Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d 836; Lotta v. State, 30 Okla. Cr. 105, 235 P. 245.

The county attorney laid the proper predicate and this evidence was properly admitted.

In addition to that, it is well to observe that the jury only assessed the minimum punishment. The offi-

cers found 18 pints of whisky concealed in a false bottom of a clothes closet. There was no defense offered at the trial. Under the circumstances, the defendant has no cause for complaint about the admission of this evidence. The judgment and sentence of the county court of Pontotoc county is affirmed.

BRETT and POWELL, JJ., concur.