## HOUSTON v. STATE.

No. A-11468. Jan. 16, 1952.

(240 P. 2d 113.)

Wade Arends, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. James Vernon Houston and his brother, Arthur King Houston, were jointly charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor; were tried; convicted, and each sentenced to serve thirty days in the county jail and pay a fine of $250. Arthur King Houston surrendered pursuant to the judgment and sentence pronounced against him and has served his sentence and paid the fine.

This appeal is solely by the defendant, James Vernon Houston, who contends that the evidence was insufficient to sustain the conviction, and that the court erred in giving instruction No. 8A.

We think the evidence was sufficient to sustain the conviction. Two deputy sheriffs of Oklahoma county testified that while armed with a search warrant they made a search of the Cedar Terrace filling station, about two miles east of Britton in Oklahoma county, and seized about 24 pints of intoxicating liquor. The officers each testified that the filling station was owned and operated by the Houston brothers; that Arthur King Houston was at the station when the search was commenced and that the defendant, James Vernon Houston, drove up in his automobile before the search was completed. No evidence was interposed on behalf of the defendant.

At the conclusion of the evidence the court instructed the jury and gave a proper instruction on prima facie evidence which has been many times approved by this court. The record discloses that after argument of counsel the jury retired and subsequently returned to the courtroom, at which time, over the objection and exception of counsel for defendant, the trial court gave the following additional instruction:

"No. 8A. You are instructed that the keeping in excess of one quart of intoxicating liquor, to-wit: Whiskey or Gin or any imitation thereof or substitute therefor, or any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain more than three and two-tenths per cent of alcohol, measured by weight, and which is capable of being used as a beverage, or in any manner permitting any other person to have or keep the same, upon, in, or about his or her place of business, or any place of amusement, or recreation, or any public resort, or any club room, *whether such liquor is intended for the personal use of the person so having and keeping the same or not,* is prima facie evidence of an intent to sell, convey, or otherwise dispose of the same contrary to law.

"The term 'prima facie evidence' as that term is used in that degree of proof which unexplained or uncontradicted is sufficient, if established by the evidence, beyond a reasonable doubt, to prove the unlawful intent of the defendant to commit the crime charged in the Information.

"However, you are further instructed that it does not make it obligatory upon you as jurors to convict the defendants, or either of them unless you are satisfied beyond a reasonable doubt, after a consideration of all the evidence, of the guilt of the defendants, or either of them and if you entertain a reasonable doubt of the guilt of the defendants or either of them in this case, it will be your duty to resolve such doubt in favor of the defendants and acquit them, or such defendant about whom you have such reasonable doubt." (Italics ours.)

With the exception of the italicized portion of the above instruction it is identical with instruction No. 8, which had been given. It is the contention of counsel for the accused that Instruction No. 8A, supra, is clearly erroneous and took away from determination by the jury the question of the intent with which the intoxicating liquor was possessed if the jury found that the evidence was sufficient to connect defendant with the possession of it.

This contention is well founded. The Attorney General concedes that the giving of this instruction was erroneous but contends that it was harmless error under the record.

In Stump v. State, 66 Okla. Cr. 391, 92 P. 2d 616, 620, this court held that the intent with which a person keeps intoxicating liquor is always a fact question for the jury, to be determined upon a consideration of the evidence. In the body of the opinion it is stated:

"With what intent a person keeps intoxicating liquors is always a question of fact for the jury, to be determined upon consideration of the evidence. In the determination of that question they are required by the statute to consider the keeping of a certain amount of intoxicating liquors as prima facie evidence of an unlawful intent. But that evidence may be rebutted by other evidence in the case, whether shown by evidence on the part of the defense, or by the state in connection with the evidence proving the possession. With such evidence the jury must also take into consideration the presumption of the innocence of the defendant, until the contrary is proved beyond a reasonable doubt. Caffee v. State, 11 Okla. Cr. 485, 486, 148 P. 680."

The possession without an intent to sell or convey does not constitute an offense any more than an intent to sell or convey without possession would constitute an offense. Haltom v. State, 58 Okla. Cr. 117, 50 P. 2d 744; Hull v. State, 61 Okla. Cr. 12, 65 P. 2d 423; Knighton v. State, 64 Okla. Cr. 322, 79 P. 2d 1030; Robinson v. State, 71 Okla. Cr. 75, 108 P. 2d 196; Bock v. State, 80 Okla. Cr. 28, 156 P. 2d 381.

It has been repeatedly held that in Oklahoma the possession of intoxicating liquor for one's own personal use is not unlawful, regardless of the quantity a person has in his possession. The supplemental instruction given by the court was an erroneous statement of the law. We presume that the trial court intended to state that the possession in excess of one quart was prima facie evidence of an intent to sell, irrespective of whether it was claimed by the accused that such liquor was intended for his personal use, but, instead of saying that, the court advised the jury that the possession in excess of one quart was prima facie evidence of an intent to sell, "whether such liquor is intended for the personal use of the person so having and keeping the same or not".

As we view the record no additional instruction should have been given, as instruction No. 8 was full and complete. It was not ambiguous nor confusing. We cannot uphold a verdict where the jury has been given an erroneous instruction upon one of the two fundamental issues in the case.

The judgment and sentence of the court of common pleas of Oklahoma county is reversed and remanded for a new trial.

BRETT, P. J., concurs.