WILSON v. STATE.

No. A–11911.

Criminal Court of Appeals of Oklahoma.

March 24, 1954.

William N. Mounger, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, J. D. Wilson, was convicted in the Court of Common Pleas of Oklahoma County for the unlawful possession of whiskey, and sentenced to serve 60 days in the county jail and pay a fine of $250. Only one proposition is presented on appeal for reversal of the conviction, to wit: The trial court erred in overruling the motion to suppress the evidence.

At the hearing on the motion to suppress the evidence, both defendant and his counsel were apparently confused as to just what premises were searched and this same confusion still existed at the time the brief of the defendant was filed. It was therein stated:

"It is our contention that the undisputed facts in this case disclose that the search warrant was for 3105 *Southeast 23rd* Street, Oklahoma City, but was used to search 3104 *Southeast 23rd* Street, Oklahoma City (CM 21–22). That the defendant had a room rented at 3104 *Southeast 23rd* Street in Oklahoma City from a Monta Davis who lived there (CM 55). That the search warrant did not describe the property searched and that the evidence obtained thereunder was void and the Court erred in overruling defendant's motion to suppress evidence." (Italics ours.)

Frank Lynch, deputy sheriff of Oklahoma county, was called to testify in support of the defendant's motion. A part of his examination by defendant's counsel is as follows:

"Q. Let me ask you, please sir, was there a search warrant to search the premises at 3104 *Northeast 34th* Street? A. Yes sir.

"Q. You did that with a search warrant? A. Yes sir.

"Q. What was the number on the search warrant, do you know? A. I believe that it was '05 on the search warrant, if I am not mistaken.

"Q. All right, looking at the search warrant, to refresh your memory, is that the warrant there? A. That is right.

"Q. 3105 *Southeast 23rd*? A. Yes.

\* \* \* \* \* \*

"Q. 3104 *Northeast 23rd* street, is that a residence, or what is that? A. It is a residence.

\* \* \* \* \* \*

"Q. Now, Mr. Lynch, was J. D. Wilson present at the time you arrived at 3104 *Northeast 23rd* Street, in Oklahoma county? A. No, sir, he wasn't." (Italics ours).

Defendant also testified as follows: That he lived at 720 Northeast 34th Street Terrace and was living there at the time of the raid and seizure of the whiskey by the officers. Defendant further testified as follows:

"Q. Was that your whiskey? A. Yes sir.

"Q. Do you know the correct number of that street address out there? A. Yes sir.

"Q. What is it? A. 3004 *Northeast 23rd*.

"Q. 3004? A. It is either *3004* or *3104*, I am not sure. It has been quite a while. You see, I moved that day from there. I mean I quit keeping my whiskey there and didn't have occasion to be there very long. In fact, the whiskey wasn't there over three or four days and so I never paid too much attention to it." (Italics ours.)

At no time did counsel for the defendant or the state offer the affidavit for the search warrant or the search warrant in evidence. The above quotations from the record and brief of the defendant are sufficient to show the looseness with which this case was tried. It presents a comedy of errors to where this court is unable to determine just what address was searched by the officers and just what premises were described in the warrant.

█ It is established law that the burden of proof is on the movant in a motion to suppress evidence to introduce evidence showing the illegality of the search. Littke v. State, Okl.Cr., 258 P.2d 211; Kelso v. State, Okl.Cr., 260 P.2d 864; Byrd v. State, 91 Okl.Cr. 129, 216 P.2d 596.

█ In Enochs v. State, 81 Okl.Cr. 111, 161 P.2d 87, 88, it was held:

"The burden of proving the invalidity of a search rests on the defendant, as there is a presumption in favor of the regularity of all proceedings. Where the case-made does not contain the affidavit nor search warrant, Criminal Court of Appeals will presume that the search warrant was legal."

See also Dowell v. State, Okl.Cr., 248 P.2d 256, 257, wherein it was held:

"The burden of proving the invalidity of a search warrant rests on the defendant, and where he files a motion to suppress evidence or objects to the introduction of evidence on the ground the search warrant is not valid he should produce the affidavit and warrant in evidence in support of such motion or objection, or account for the failure to produce and offer other competent evidence to show invalidity.

Where he fails to do so, this court will presume the search was legal."

█ There is evidence that the place searched by the officers was on Northeast 34th Street, Northeast 23rd Street, and Southeast 23rd Street. There is no contention that more than one place was searched, so two of these places were not described in the warrant and it may have been that none of the three were described in the warrant. If counsel for the accused had wished to attack the description in the warrant, the warrant itself would have been the best evidence. The strong presumption attached to the regularity of the proceedings was not overcome by the confused testimony which was presented.

The judgment and sentence of the Court of Common Pleas of Oklahoma County is affirmed.

POWELL, P. J., and BRETT, J., concur.