**Ralph HENDERSON, Plaintiff In Error,**

**v.**

**STATE of Oklahoma, Defendant In Error.**

**No. A–12197.**

Criminal Court of Appeals of Oklahoma.

Nov. 9, 1955.

W. H. Cooper, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

This is an appeal from a conviction sustained by Ralph Henderson in the County

Court of Caddo County for the unlawful possession of whiskey.

Two propositions are presented: 1. The court erred in overruling the motion to suppress evidence. 2. The court erred in giving instructions five and six.

 The motion to suppress evidence was based upon the contention of the accused that the search warrant described premises on which there were located two houses belonging to separate families. The motion came on for hearing prior to the trial in the absence of any representative of the State. Apparently the proceedings were informal as counsel for the accused would question one witness and without finishing the questioning of the witness would turn and address himself to another witness in the room. At one point, two of the witnesses for the accused commenced to ask questions of each other. Counsel clearly states his contention in his brief but we never could have ascertained it from a reading of the record as the record presents a case of confusion compounded. Instead of introducing evidence by reference to the correct legal description of the premises, there was continued reference to the situation in the following manner: "Here is a house." "That is supposed to be 40 acres." "There is one on this 40 here." "There is a house just north of there, Judge. It is north of there about half a mile." At the conclusion of the round-table discussion, counsel stated, "I tell you what I would like to do, since there is some misunderstanding, I'd like for Herman to go out here and check this house." After some further discussion, counsel stated, " * * * you continue this and I will send some biased people out there and have that house examined. * * *" The court thereupon denied the request for a further continuance and stated that in his opinion the search warrant sufficiently described the premises.

The situation here presented is similar to that presented in Wilson v. State, Okl.Cr., 268 P.2d 585, where we stated that the confusion was so great that we were unable to determine the facts and accordingly upheld the trial court in overruling the motion to suppress evidence because the burden of proof was upon the movant to introduce evidence showing the illegality of the search.

 Instructions five and six to which complaint is made by the accused referred to the prima facie effect of the possession of more than a quart of whiskey. Counsel has failed to point out wherein the instructions are allegedly defective and an examination of them shows that they are copied almost verbatim from instructions which have been approved by this court in many cases. Henderson v. State, Okl.Cr., 285 P.2d 866; Savalier v. State, 85 Okl.Cr. 87, 185 P.2d 476; Hughes v. State, 85 Okl.Cr. 25, 184 P.2d 625.

Affirmed.

BRETT and POWELL, JJ., concur.