Tom H. LAMBERT, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13204.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1962.

Harvey C. Carpenter, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

The plaintiff in error, Tom H. Lambert, defendant below, presents three assignments of error on appeal seeking reversal of the judgment and sentence rendered against him in the Court of Common Pleas, Tulsa County, where he was tried and convicted of the offense of possession of intoxicating liquor with unlawful intent to sell in violation of Title 37 O.S. § 568.

These assignments are: (1) That the statute under which defendant was tried is void. (2) That the evidence was insufficient to sustain the conviction. (3) That the affidavit upon which the search warrant was issued was based upon information, belief and hearsay.

█ In support of defendant's first assignment of error, that the statute under which he stands convicted is void, the defendant relies upon Proctor v. State, 15 Okl.Cr. 338, 176 P. 771, wherein this court said in Syllabus III:

"An unexecuted intent to violate the law amounts to no more than a thought, and is not punishable as a crime."

It is thus urged by the defendant that guilty intent may not be punished and that since mere possession of intoxicating liquor is not unlawful, the possession of intoxicating liquor with the intent to sell is not a crime. While it is unquestionably true that a party may not be punished for a criminal intent alone, defendant has apparently overlooked the numerous decisions of this court prior to the repeal of prohibition wherein the court affirmed convictions for "unlawful possession of intoxicating liquor with intent to sell."

█ It should be observed that prior to the repeal of prohibition mere possession of intoxicating liquor for one's own personal use, irrespective of the quantity which was possessed, was not unlawful. See Houston v. State, 95 Okl.Cr. 85, 240 P.2d 113. But, when coupled with an unlawful intent to sell, the same constitutes a violation of the penal code of the State of Oklahoma.

Art. 27, § 3 provides:

"The Legislature shall enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, *possession*, and transportation of alcoholic beverage, consistent with the provisions of this Amendment. * * *" (Italics ours)

█ This constitutional provision vests in the legislature authority to regulate the possession of intoxicating liquors and to determine under what conditions the possession of intoxicating liquor is lawful. The legislature is also under its general police power with the authority to define those acts or omissions which constitute a criminal offense and to prescribe punishment therefor.

It was under the authority vested in it by the constitution, that the legislature enacted the provisions of Title 37 O.S. § 568, providing:

"It shall be unlawful for any person, firm, or corporation to have in their possession any alcoholic beverages with the intent to sell the same without having first procured a license therefor from the Oklahoma Alcoholic Beverage Control Board as now provided for by law * * *."

It can readily be seen that 37 O.S. § 568 contains all of the essential elements which existed prior to the repeal of prohibition and the additional element that the possessor had not "first procured a license therefor from the Oklahoma Alcoholic Beverage Control Board".

█ We are of the opinion based upon the authorities above cited and consistent with prior decisions of this court, that the unlawful intent to sell coupled with the act of possession of a quantity of intoxicating liquor for which the possessor had not first procured a license therefor is a violation of the penal code, and, Title 37 O.S. § 568

is not in violation of the provisions of the Constitution.

 The defendant's next contention, that the evidence is insufficient to support the verdict of the jury, is completely without merit. The record discloses that Art Lee, a deputy sheriff of Tulsa County, armed with a search warrant and accompanied by two representatives of the Oklahoma Alcoholic Beverage Control Board, went to the home of Tom H. and Patsy Marie Lambert, 2143 East 36th Street, North, in Tulsa County and upon a search of the premises, found and confiscated eight fifths, three pints and twenty-seven half-pints of whiskey; thereafter, arresting the defendant. Lee testified that during the search, he had observed a federal liquor stamp receipt on a wall in the rear room of the house.

The state introduced two exhibits: a verified certificate from the Oklahoma Alcoholic Control Board, showing that no retail package store license had been issued the defendant, and a certificate from the Director of Internal Revenue showing the accused had been issued a Retail Liquor Dealer Stamp for the period of July 1, 1961 to June 20, 1962.

It can thus be seen that the State proved (1) the intent to sell (possession of the Federal Retail Liquor Dealer Stamp), (2) possession of 48 bottles of whiskey and (3) that the defendant had failed to procure a Retail Package Store License as provided by law; and, when it proved the elements as above set forth existing and concurring at the same time, sufficient evidence was adduced by the State to support the verdict of the jury.

 Defendant's third contention, that the search warrant above referred to was void in that it was issued on an affidavit based on hearsay and belief was not raised by the defendant in his motion for a new trial, and properly should not be considered on appeal. See Signs v. State, 35 Okl.Cr. 340, 250 P. 938.

 Suffice to say that we have examined the affidavit referred to and that while it is by no means a model to be followed in the future, it states facts in positive terms and was sufficient to show probable cause under the rule set forth in Wagner v. State, 72 Okl.Cr. 393, 117 P.2d 162, wherein this court stated:

"* * * when facts are stated in the affidavit, and the same is positive, and by one who has a right to know the facts, it is sufficient ground for the magistrate to issue the warrant."

For the reasons above set forth, we are of the opinion that the judgment and sentence of the trial court should be, and the same is, affirmed.

NIX, P. J., and BRETT, J., concur.