## STEVE LOTTA v. STATE.

No. A-4742. Opinion Filed April 16, 1925.
(235 Pac. 245.)

(Syllabus.)

1. **Trial—Continuance—Right of Accused to be Represented by Counsel—Refusal to Continue Case Because of Temporary Absence of Counsel Held Reversible Error.** It is a fundamental right of a person accused of crime to be represented by counsel. This right may be waived by the defendant, but it cannot be denied by the court. In this case the action of the trial court in refusing to continue the case, by reason of the temporary absence of the defendant's counsel, and in appointing counsel to represent the defendant, held reversible error.

2. **Intoxicating Liquors—Evidence of Reputation of Accused's Home as to Sale of Liquor, Admissible When.** In a prosecution for possession of intoxicating liquor, with the intent to violate the prohibitory liquor law, evidence of the general reputation of defendant's home as being a place where intoxicating liquors

were sold is admissible only upon the laying of a proper predicate showing that his home was a place of general resort.

Appeal from Superior Court, Okmulgee County; J. H. Swan, Judge.

Steve Lotta was convicted of illegal possession of intoxicating liquor, and he appeals. Reversed and remanded.

H. R. Christopher, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case, filed in the superior court of Okmulgee county, Henryetta division, January 15, 1923, charges that the said Steve Lotta on the 14th day of January, 1923, did knowingly and unlawfully "have the possession of a certain quantity of intoxicating, fermented, and malt liquor, to wit, 21½ gallons of Choctaw beer," with the intention of selling the same. On the 28th day of February, 1923, a trial was had thereunder. The defendant was found "guilty of unlawful possession of Choctaw beer, as charged in the information," and his punishment fixed at a fine of $100 and imprisonment in the county jail for six months, and thereafter on the same day the court pronounced judgment and sentence in accordance with the verdict. To reverse the judgment he appeals.

The material facts in this case as disclosed by the record are that the complaining witness, Homer Penequine, in company with S. A. Hamil, both deputy sheriffs, without a search warrant, searched the defendant's house and found a 16-gallon keg partly full of a liquid, which they designated as Choctaw beer, also a 5-gallon keg with some liquid therein. Both officers stated that in their opinion the Choctaw beer was intoxicating. No

objection was made or exception taken by counsel for the defendant to the admission of this evidence.

The witness Penequine was asked and answered as follows:

"Q. How long have you known the defendant? A. Well, since between the 1st—well the 1st and 5th of January, 1923.

"Q. I will ask you if you, as an officer, have received complaints relative to this man's residence? A. Yes, sir, I have; I don't believe there was a week passed since the 1st day of January, 1923, that some one didn't complain to me about this place."

Cross-examination by Mr. Ashmore:

"Q. Who made these complaints, Mr. Penequine, you refer to?

"Mr. Williams: We object for the reason that the makers of these complaints go directly to the officers. and they don't want to be known as making these complaints, and I may state that the officers told them that their names wouldn't be given. It suffices the court and jury to know that complaints have been made.

"The Court: I shall have to sustain the objection, Mr. Ashmore. (Exception)."

S. A. Hamil was asked and answered the following questions.

"Q. I will ask you this: Do you know the general reputation of the defendant's place?

"By Mr. Ashmore: We object to that, not proper.

"The Court: We ought to know what he knows.

"Q. I will ask you now if complaints have been made to you about defendant's residence?

Mr. Ashmore: Objects as incompetent, irrelevant, and immaterial.

"By the Court:   Overruled.

"A.   Yes, sir.

"Q.   I will ask you how many times you have been called upon to search this man's premises?

"A.   I searched it once before myself, I know once, possibly twice; I am not positive, but sure of one time."

It appears from the testimony of the defendant on his own behalf that he is a native of Poland, in this country about four years, his wife and  two children remaining in Poland; that he owned and lived in a two-room house near the smelting plant and worked at the smelter every day; that he had about 9 gallons of beer in the 16-gallon keg; that he made it for his own use with meal, hops and sugar; that the 5-gallon keg contained some dill pickles and brine; that Penequine broke up both kegs with a hatchet; that he had never been convicted of crime.

One of the grounds for new trial, and now urged for a reversal of the judgment, is that the trial court erred in denying defendant's application for a postponement of the trial, and in appointing an attorney to represent the defendant in the trial.

It appears that defendant employed and paid one J. V. Long, an attorney of Henryetta, to represent him in this case, and upon his arraignment, February 20th, this attorney appeared for him.   On the 28th day of February, the case was called for trial and the defendant asked that the case be continued until the return of his attorney, J. V. Long, who was out of town and unable to be present at this time.   The application was overruled, thereupon the court, against the objection of the defendant, appointed D. E. Ashmore, one of the attorneys of the court, to represent him.   Said attor-

ney announced ready for trial and a jury was called and sworn.

The services of present counsel were secured only after the case was submitted to the jury. The record shows that the trial, the verdict in the case, the motion for new trial, and the judgment, all followed in rapid succession on the same day.

It is well settled that applications for continuance are addressed to the discretion of the trial court, and its decision will not be disturbed on appeal, unless it appears that there has been an abuse of such discretion. Absence of counsel is not made one of the statutory grounds for a continuance. If, however, the trial court's decision in overruling an application on this ground resulted in depriving the defendant of the benefit of counsel, a new trial should be granted. Anderson v. State, 21 Okla. Cr. 193, 207 P. 977.

It is urged that the action of the court deprived the defendant of his right of representation by counsel of his own choosing, and that the defendant did not have a fair and impartial trial by reason of the inefficiency of counsel appointed by the court.

The Bill of Rights provides that in all criminal prosecutions the accused "shall have the right to be heard by himself and counsel." Const. art. 2, §20.

In order that the accused may have the full benefit of this fundamental right, it is provided by statute:

"Where it is satisfactorily shown to the court that the defendant has no means, and is unable to employ counsel, the court shall, in all such cases, where counsel is appointed and assigned for defense, allow and direct to be paid by the county in which such trial is had, a reasonable and just compensation to the attorney or attorneys so assigned for such services as they

may render: Provided, however, that such attorney shall not be paid a sum to exceed twenty-five dollars in any one case." Section 2929, C. S. 1921.

In our opinion the trial court exceeded its authority in appointing counsel for the defendant in this case. We know of no law authorizing such procedure and none has been called to our attention. An examination of the authorities will show that the appointment by the courts of attorneys to defend indigent persons accused of crime, who are without counsel and without the means of employing legal assistance, is not, properly speaking, the exercise of a fundamental right or power inherent in the court, and the only statutory authority is found in the foregoing section.

It appears that, after the jury was impaneled, the prosecuting attorney announced that the original information had been misplaced and asked permission of the court to read to the jury a copy of the information.

"The Court: Better call your witnesses first and have them sworn."

No further order was entered.

In Bland v. State, 18 Okla. Cr. 514, 196 P. 732, the county attorney was permitted by the trial court to file a substituted information, which was identical in substance and form with the original information, except that the same was not verified, and the trial court then permitted the same person to verify the substituted copy who had verified the original information; and it was held, that, where the information is lost, a court of record had inherent power to preserve and protect its own records and to substitute copies of lost records. In the present case no order was entered permitting the filing of the copy of the lost information that was read to the jury. However, no objection was made or exception taken.

The testimony of the witnesses for the state was incompetent and inadmissible as having been obtained on search of the defendant's home without a search warrant, but no objections were made or exceptions taken.

It is true, as to the testimony of the state's witnesses, that complaints against the defendant's place were made to them, as officers, was properly objected to, which objections should have been sustained. No proper predicate having been made that the defendant's home was one of general resort, evidence of the general reputation was inadmissible. For this and other obvious reasons the objections thereto should have been sustained.

Other alleged errors are assigned and argued in the brief, but it does not seem necessary that we should extend this opinion by reference thereto. As shown by the record and for the reasons stated we think the defendant did not have that fair and impartial trial to which he was entitled by the laws of our state.

The judgment of the lower court is accordingly reversed and the cause remanded.

BESSEY, P. J., and EDWARDS, J., concur.