John Prentis ABEL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13333.

Court of Criminal Appeals of Oklahoma.

June 26, 1963.

John L. Ward, Jr., Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

John Prentis Abel, hereinafter referred to as defendant, plead guilty to the charge of Forgery Second Degree After Former Conviction of a Felony in the District Court of Washington County and was sentenced to 10 years in the penitentiary. He filed a Motion to Withdraw his Plea of Guilty before the 10 day period expired, which Motion was denied, and on which he now appeals to this Court.

Defendant contends (1) That the trial court abused its discretion in refusing defendant to withdraw his plea of guilty; and, (2) The trial court erred in not advising defendant that he was entitled to reasonable time from arraignment to time of trial.

It appears from the record that defendant surrendered himself to jail on June 30, 1962. Preliminary hearing was held on August 15, 1962, and set for Arraignment on August 31, 1962, on which date Information was filed. Defendant waived the reading of the Information and takes 24 hours to plead. Due to the week-end, re-set for September 4, 1962. On this date, defendant files (1) Motion to Quash and Denial of Jurisdiction; (2) Demurrer to Information; (3) Motion to make more Definite and Certain; (4) Motion to Strike from Trial Assignment; and (5) Motion for Sanity hearing. The first four are overruled, and number five is sustained, and defendant ordered transmitted to Eastern State Hospital at Vinita for not more than 90 days for observation.

Defendant was transferred to the hospital on September 6, 1962, and returned September 21, 1962. On September 25, 1962, defendant present in court and waives reading of Information and time to plea, and pleads Guilty. His attorney asks for a 10 day delay in sentencing so he can visit his child by a previous marriage. Granted, and sentencing set for October 8, 1962. On that date, Attorneys Heskett & Heskett file Motion to Withdraw, which is granted. Defendant, thru his other attorney, files application to Withdraw Plea of Guilty. Hearing is had that afternoon, at which time motion is denied, and defendant sentenced.

Defense counsel contends that the day before entering his plea, the defendant was forced to either enter his plea of guilty or go to trial the next morning unprepared, as his new attorney was not able to be with him that afternoon, and his present attorney had not subpoenaed his witnesses; and that he was also threatened with other check charges; and that he felt at the time he had no alternative other than the plea of guilty.

After reading the testimony and examining the record, the Court is inclined to agree.

The defendant was returned from Vinita on September 21, a Friday—and on the following Tuesday, the 25th, entered his plea. We cannot see that he had been putting off deciding "from day to day", as he had been

in Washington County only *one* court day prior to his plea.

 This Court said in Cannon v. State, Okl.Cr., 296 P.2d 202:

"Where an application is made for leave to withdraw a plea of guilty and stand trial, the test in such case is whether there is reasonable ground to believe that the plea of guilty may have been entered as the result of inadvertence, ignorance, misunderstanding, misapprehension, or without deliberation *as a result of unseemly* haste; and where in light of the whole record, the pleadings, minutes, and the evidence at the hearing on the motion, it appears the plea may have been so entered, and it is apparent the application to withdraw the plea of guilty is in good faith and not for the purpose of delay and to defeat the ends of justice, to deny the application under such conditions will constitute an abuse of discretion." (See, also, Manning v. State, Okl.Cr., 374 P.2d 796.)

 We are of the opinion that the defendant's request to wait until the next morning to decide and to consult desired counsel was reasonable, *in this particular instance,* particularly in view of the fact his trial had not been set at a specific subsequent date, nor had he ever actually been arraigned and entered his plea. This Court held further in Bennett v. State, 75 Okl.Cr. 42, 128 P.2d 253:

"A plea of guilty should be entirely voluntary by one competent to know the consequences and should not be induced by fear, persuasion, promise or ignorance."

 In the matter of defendant not having counsel of his choice at the time the plea was entered, an examination of the record reveals this was not a last minute try for delay, as defendant's mother and Mr. Ward testified he had been contacted approximately two weeks prior regarding representing defendant. The fact that the case was not definitely set for trial elimi-nates any claim that Mr. Ward was not diligent or that he was trying to delay the trial, due to the fact he was not properly notified. This Court held in the case of Jackson v. State, Okl.Cr., 316 P.2d 213:

"It is fundamental in criminal law that a defendant is entitled to aid of counsel of his own choice, when able to employ one, and this right is not limited to the trial alone but extends to every stage of the proceeding.

\* \* \* \* \* \*

"If defendant is able to employ counsel, the choice is a personal right of which he cannot be deprived by arbitrary action and which is secured to him by express constitutional and statutory provisions, the denial of which is fundamental error."

Defendant's second contention that the trial court erred in not advising defendant that he was entitled to a reasonable time from arraignment to date of trial will be discussed next.

It is apparent that the counsel for defendant, county attorney, and the trial court became aware of the fact at the time of plea, that the defendant had not been arraigned.

 Inasmuch as the judge and the county attorney knew of the defendant's desire for time to make his decision and to consult counsel of his choice, it is the opinion of this Court that the trial judge, at this point, should have advised him that in the event of a plea of not guilty, that his trial could not be held the next morning, but would be set in reasonable time.

 This Court said in the case of Reynolds v. State, 60 Okl.Cr. 92, 61 P.2d 269:

Although no definite time between time of arraignment and time of trial is fixed by law, ordinarily, a felony case should be assigned and tried in not less than ten days after plea is entered.

We do not consider *one* day's notice sufficient time, nor do we condone the trial court's action in proceeding with the arraignment, and not giving the defendant a

reasonable explanation of his constitutional rights regarding the time for trial, before allowing him to enter his guilty plea.

In view of the entire record before us, it is readily apparent the defendant was rushed into entering his plea of guilty by the county attorneys, and also by his attorney who did not want to try the case on its merits. It is evident from the testimony that the defendant was in a state of confusion, and was not properly advised of the consequences of his act. And most particularly, was not formally nor properly arraigned, thus denying him due process.

For the foregoing reasons, we feel the administration of justice would be better served by vacation of the judgment and sentence, withdrawal of the plea of guilty, permitting the defendant to enter plea of not guilty, and stand trial on the charge herein alleged, and it is so ordered.

Reversed with instructions.

BUSSEY, P. J., and JOHNSON, J., concur.