Jerry E. DURBIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15618.

Court of Criminal Appeals of Oklahoma.

July 30, 1970.

Don W. Kilpatrick and George Pendell, Jr., Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Robert D. Nelon, Legal Intern, for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

On September 19, 1968, Jerry E. Durbin, hereinafter referred to as defendant, appeared in person and with counsel, and entered a plea of guilty to Obtaining Money by Means and Use of a False and Bogus Check in the District Court of Oklahoma County, and was by the court sentenced to serve a term of three years imprisonment in the state penitentiary, said sentence being suspended subject to the terms and conditions provided by law and defendant signed an acknowledgement setting forth the terms and conditions of his suspended sentence.

Thereafter, on the 17th day of September, 1969, an application was filed to revoke the Order suspending the sentence. On October 2, 1969, the defendant was placed under arrest and brought before District Judge Charles Owens for arraignment at which time a plea of Not Guilty was entered, and he advised the court that he would employ counsel of his own choice. On October 9, 1969, the date set for hearing, the defendant was brought before District Judge Carmon Harris for a hearing on the Application to Revoke his suspended sentence, at which time he advised the court that he had sought to secure the services of one John Hancock of Tulsa, Oklahoma, in order to employ him, but had been unable to do so. It affirmatively appears that at the time set for hearing the defendant was without funds, had not employed counsel although he had been advised of the date set for hearing, and that there was no attorney who was a duly licensed member of the State Bar Association residing in Tulsa, Oklahoma by the name of John Hancock. Under these circumstances the court appointed the Public Defender to represent the defendant. At the hearing the evidence adduced on be-

half of the State established that the defendant was carrying on his person a .22 caliber loaded pistol which the defendant admitted in the testimony offered in his defense.

At the conclusion of the hearing the court advised the defendant of his right to appeal and at the request of the defendant, directed that a transcript be prepared at public expense and appointed the Public Defender to represent the defendant in perfecting the appeal from the Order revoking the Order suspending judgment and sentence.

 Although it is urged on appeal that the defendant was denied his right to employ counsel of his own choice to represent him at the hearing on revocation, even the most cursory examination of the record wherein the court inquired as to the financial ability of the defendant to employ counsel or pay for the record discloses that the defendant had not employed counsel and was not financially able so to do. It is also abundantly clear that in light of the defendant's testimony admitting carrying the loaded .22 pistol in his belt where it could not be easily seen, that he had knowingly violated the terms of his suspended sentence and that in fact he had no valid defense to offer to the evidence adduced by the State in support of the application to revoke the Order suspending the judgment and sentence.

Under these circumstances we are of the opinion that the record amply supports the ruling of the court on all matters presented to him prior, during, and subsequent to the hearing on the application to revoke the order suspending judgment and sentence. We must accordingly hold that the Order revoking the Order suspending judgment and sentence in Oklahoma County District Court Case No. 34709 should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.