Charles E. TILLMAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-16906.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1971.

John W. Garland, Anadarko, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Ray Parks, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Charles E. Tillman, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Caddo County, Oklahoma for the offense of Burglary in the Second Degree. His punishment was fixed at two years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Trooper Willard Edge testified that on the morning of August 27, 1970, he was patrolling the Lawton Turnpike. He observed a red and white 1963 model Buick parked at the side of the Turnpike, apparently overheated. The trooper stopped to see if he could help in some way and observed a person, whom he identified in court as the defendant, walking toward the Turnpike carrying an arm load of rifles and shotguns. Upon seeing the trooper, the defendant turned and returned back to a house in a "pretty fast walk." Defendant entered the house through the back door and remained for approximately ten minutes when he returned without the guns. The trooper next observed two other men attempting to obtain water from a hydrant or well approximately fifty feet from the house. The defendant joined the two other persons and they came back to the Turnpike. The trooper thereafter took the defendant into custody and transported him to the Grady County Sheriff's office.

Undersheriff C. W. Taylor, of Caddo County, testified that he received a call from the Grady County authorities and proceeded to Chickasha, wherein he obtained four silver dollars from Undersheriff Buford Brown of Grady County. He thereafter proceeded to the Noble Prather's residence located near the Turnpike in Caddo County, wherein he met Noble Prather, and together they checked the premises.

Undersheriff Buford Brown of Grady County testified that the defendant was delivered to the sheriff's office by Trooper Edge. The defendant was searched and

four silver dollars were found in one of the defendant's shoes.

Noble Prather testified that on the morning in question, he left his house at approximately 8:00 o'clock a. m. He testified that he normally locked the doors when leaving, and that he knew the doors were shut, although he testified that he could not swear that the door was locked. Upon returning to his house, he found the guns were out of arrangement on the rack. He identified the four silver dollars as being taken from a dresser drawer which had been found partially opened. He testified that he observed the evidence that someone had rummaged throughout the house.

The defendant did not testify nor was any evidence introduced in his behalf.

The first proposition asserts that "the court made a fundamental error by refusing to allow plaintiff in error to employ counsel of his choice." The record reflects that immediately prior to the trial, the defendant informed the trial court that he wanted to hire his own lawyer. The trial court therein conducted an in-chambers hearing where it was ascertained that the defendant had been in jail for approximately four months, during which time he was represented by his court-appointed attorney; that the defendant personally had no funds to employ an attorney; that he had contacted his parents, who lived in Cincinnati, Ohio, twice; that his court-appointed attorney had contacted his parents without hearing from them; that although the defendant stated he had reasons he did not want his court-appointed attorney to represent him that he failed to state the basis of said reasons; that the case had been set for trial approximately thirty days prior thereto; and, that the court-appointed attorney was prepared to represent the defendant. The trial court thereafter denied defendant's request and ordered the cause to proceed to trial.

■ In Thompson v. State, Okl.Cr., 462 P.2d 299, in dealing with a similar question, we stated:

"Although every accused has the right to counsel, he is not entitled to a further continuance in his trial to secure private counsel of his choice where he has been represented since inception of the charge by retained counsel or court-appointed counsel and appears for trial with court-appointed counsel adequately prepared to defend accused."

In the instant case, we are of the opinion that the defendant had sufficient time and opportunity to secure counsel of his own choice, if he were able to do so. We further observe that a review of the Record reveals that the defendant was adequately protected by competent counsel at all times. We, therefore, find this proposition to be without merit.

■ The second proposition contends that the trial court erred in failing to give an instruction as to receiving stolen property. We observe that the Record reveals that the defendant did not request any instructions, nor did he object to the instructions given by the Court. In the recent case of Schapansky v. State, Okl.Cr., 478 P.2d 912 (1971), we stated:

"Where counsel is not satisfied with instructions that are given, or desires court to give any particular instruction, or to more definitely or sufficiently state any propositions embraced in instructions, it is the duty of counsel to prepare and present to the court such desired instructions and request that it be given and in absence of such request, Court of Criminal Appeals will not reverse case if instructions generally cover subject matter of inquiry."

We are of the opinion that the instructions given generally covered the subject matter of inquiry. We, therefore, find this proposition to be without merit.

■ The third proposition asserts that the trial court erred in overruling the demurrer to the evidence and to the introduction of the coins because of an illegal arrest. The Record reflects that Trooper Edge stopped to render assistance to an ap-

**1372**

parently overheated vehicle, and observed the defendant walking from a residence across an open field, carrying a number of guns. Upon seeing the trooper, the defendant reversed his direction, returned to, and entered the house "in a pretty fast walk." Defendant left the house in approximately ten minutes without the weapons. He joined two other persons in the yard of the residence, who were filling containers with water. Upon their return to the stalled vehicle, the defendant was taken into custody. We are of the opinion that the arrest was valid under the proposition of 22 O.S. § 196 which provides in part:

> "A peace officer may, without a warrant, arrest a person:
>
> " * * *
>
> "3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

In the recent case of Royal v. State, Okl. Cr., 489 P.2d 520, we reaffirmed the holding in State v. Chronister, Okl.Cr., 353 P. 2d 493, wherein we stated:

> "The use of the term 'probable cause' or 'reasonable cause' [with respect to belief that a person has committed a felony] itself imports that there may not be absolute, irrefutable cause. If the facts are such that a reasonable prudent man would have believed accused guilty, and would have acted upon that belief, a police officer is justified in making an arrest without warrant, although subsequent events prove that no offense had been committed, or if committed, that accused had no connection with it, where the statute authorizes arrest without warrant when the officer has reasonable grounds for believing that the person arrested has committed a felony, although not in his presence."

The final proposition asserts that the trial court erred in overruling motion for new trial. We need only to observe that the defendant does not set forth new mat-

ter under this proposition, but merely re-urges the court to consider Proposition Number Two. For the reasons set forth under Proposition Number Two, we are of the opinion that the same is without merit.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.

BRETT, J., concurs.