Gilbert WILLIAMSON, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–693.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1975.

Wilson Wallace, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Gilbert Williamson, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Carter County, Case No. CRF–74–49, for the offense of Robbery With Firearms, in violation of 21 O.S.1971, § 801. The jury fixed his punishment at twenty-five (25) years imprisonment and from this judgment and sentence a timely appeal has been perfected to this Court.

At the trial, the first witness for the State was Dean Plank, a detective with the Ardmore Police Department. He testified

in essence that in response to a radio dispatch at about 10:00 p. m. on February 13, 1974, he proceeded to McGuire's Liquor Store located in the 100 block of East Broadway in Ardmore. There he interviewed Mr. McGuire who advised that he had been robbed and provided a description of the suspect.

The next witness to be called was Detective Captain Ed West of the Ardmore Police Department, who identified the defendant as the person he and other officers arrested in Ardmore on February 26, 1974, at which time the defendant said his name was Robert Robertson. He also testified to conducting a lineup two days later, whereupon Ray McGuire identified the defendant as the person who had robbed him. After the similarity of the other subjects in the lineup to the defendant was attacked in cross-examination, the witness identified a picture of those in the lineup which was admitted into evidence. He further testified to being familiar with the locations of McGuire's Liquor Store and the Mount Zion Apartment in Ardmore, and that to walk between the two locations would take about 20 to 25 minutes as they were about one mile apart.

The third witness to testify for the State was Detective Sergeant Lloyd R. Booth of the Ardmore Police Department, who related he also assisted in the arrest of the defendant and that immediately upon arrest the defendant was advised that the charge was Armed Robbery and further advised of the Miranda Rights. The defendant at that time said his name was Robert Robertson and that he could not read or write, but when being fingerprinted later he admitted his real name was Gilbert Williamson, Jr., and so signed his name to the fingerprint card.

Ray McGuire was the fourth witness called and testified he was the owner and operator of the Broadway Package Store located at 109 East Broadway in Ardmore, Oklahoma. He then identified the defendant as the person who entered his store alone shortly before closing at 10:00 p. m. on February 13, 1974, and robbed him at gunpoint of his billfold and approximately $45.00 to $55.00 which included a large number of one dollar bills. Also, the witness testified that he did not see or hear the defendant in a car at this time. On cross-examination he testified to identifying the defendant in a lineup earlier.

Raymond Albert was the final witness for the State, and testified that he had known the defendant for several years. He also testified that the defendant came to his residence in the Mount Zion apartments in Ardmore at about 9:30 p. m. in mid-February, and asked for transportation elsewhere but left when the witness advised that he did not have any gas. The defendant then returned to the apartment of the witness about 10:30 p. m. the same night, and the witness then observed the defendant with a handful of currency and provided him with transportation elsewhere. The witness further testified to overhearing a conversation between the defendant and another later that same night, wherein the defendant stated that he had stuck a gun to a man's head and robbed him of about $90.00 at a liquor store on Broadway in Ardmore.

The State then rested and no evidence was presented on defendant's behalf.

The defendant, in the first of his two propositions of error, contends that he was not sufficiently granted the right to be represented by counsel at all stages of the proceedings and adequate time to prepare and consult with counsel. Essentially, however, the argument of defendant is that because the trial of this case was not further delayed or continued, he was denied representation at trial by an attorney of his choice, required to proceed to trial with an appointed attorney not satisfactory to him, and denied an adequate opportunity to prepare for trial with even his appointed attorney.

The record reveals that defendant's appointed attorney was permitted to withdraw one week prior to trial following extended inquiry by the court, wherein the

defendant represented that he had retained an Oklahoma City attorney and understood that trial was set for only one week hence. However, when the case was called for trial at about 9:00 a. m. on April 18, 1974, the defendant appeared without an attorney and stated that he was not ready because his lawyer was not present. The court then recessed to permit the District Attorney and the defendant and his mother an opportunity to contact the Oklahoma City attorney.

The court then reconvened at approximately 10:45 later the same morning at which time the District Attorney informed the court that a telephone call had been placed to the office of the Oklahoma City attorney, and although the attorney was unavailable his secretary advised that he had just begun the trial of a murder case in Oklahoma City as sole defense counsel, that she had no information or knowledge of this attorney having been retained to represent the defendant, and that a check of his receipt book had not revealed that any monies had been received for such an engagement. The defendant then announced that he had telephoned the home and office of the Oklahoma City attorney but had been unable to reach him, and again stated that he had a receipt showing that money had been paid toward the fees of this attorney and attempted to read from the purported receipt. Upon inquiry from the court the defendant stated that when he had talked by telephone with the Oklahoma City attorney earlier that morning, this attorney had stated he would telephone the court and attempt to have the trial continued. The trial court emphasized that the Oklahoma City attorney had not contacted the court in any manner, that there was no record of any appearance in the case by any attorney other than the defendant's previously appointed attorney who represented the defendant through the preliminary hearing and arraignment, that the Oklahoma City attorney had previously been notified of the trial in writing by the Office of the District Attorney with no response, and reminded the defendant that

the court had previously permitted his appointed attorney to withdraw based upon the defendant's representation that he had retained the Oklahoma City attorney and understood the trial of this case was then only one week away. The court then reappointed the previously appointed attorney who was present in the courtroom, and announced that he would recess the trial of the case until 1:15 that afternoon to permit the defendant an opportunity to confer with this attorney. The defendant asserted that he wanted the record to show that the Oklahoma City attorney had been paid and was not present, and that he was being tried without his lawyer. The court responded in essence that only through the contentions of the defendant had any information been received that the Oklahoma City attorney was representing the defendant, that the court did not wish to deprive the defendant of any right but believed the defendant had been granted an adequate opportunity to have any retained attorney appear in the case, and did not perceive any legitimate reason why the trial of the case should be further postponed.

At the hearing on the motion for new trial, the defense offered into evidence, without objection, a letter that the appointed attorney had since received from the Oklahoma City attorney. Insofar as pertinent, the Oklahoma City attorney stated in this letter that although he did receive $100.00 in part payment of a fee from a girl on behalf of the defendant, which would now be refunded, he never entered into an attorney-client relationship with the defendant, and that this money was accepted with the understanding that the balance of his fee would have to be paid before he could consider accepting the case. Further, the Oklahoma City attorney stated in this letter that he had previously talked by telephone with the defendant and indicated to him that under no circumstances could he become involved in the defendant's case until the fee negotiation was consummated.

 The defendant is guaranteed the right of representation by an attorney of his choice when able to employ counsel,

and an appointed attorney if indigent, under the Sixth and Fourteenth Amendments to the United States Constitution and Article 2, Section 20 of the Oklahoma Constitution, and a denial of adequate opportunity and time for the reasonable enjoyment of either right is an effective deprivation thereof and fundamental error. Lotta v. State, 30 Okl.Cr. 105, 235 P. 245 (1925); Davis v. State, Okl.Cr., 368 P.2d 519 (1962) and Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527 (1932). The application of such rights must, however, be balanced with due consideration for the interest of the courts in the orderly and efficient administration of justice.[1] We agree with the statement quoted in part by the defendant that, "Undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between these two extremes."[2] However, under the facts and circumstances of this case, we find this proposition to be without merit.

The case authority principally relied upon by defendant in support of this proposition is Argo v. Wiman, 209 F.Supp. 299 (D.C.Ala.1962); Walker v. State, 194 Ga. 727, 22 S.E.2d 462 (1942) and People v. Simpson, 31 Cal.App.2d 267, 88 P.2d 175 (1939). However, each of these cases is readily distinguishable from the case at bar, as are also the cases of *Lotta, Davis* and Powell v. Alabama, supra. In *Argo*, the defendant did, in fact, have a retained attorney who was thoroughly familiar with the case, but when this attorney was not present in court on the morning the case was called for trial, over objection of defendant, the court appointed an attorney who was unfamiliar with the case, and required the defendant to proceed to trial when a delay to the afternoon session of court would have permitted the defendant to have been represented by his retained attorney.[3] The court in *Walker* emphasized that during the 25 days between the time of arrest and trial the defendant had virtually been held incommunicado some distance from his home, was not permitted to visit with his relatives and friends during the time he was in jail, and that he did not know with any certainty until the day before trial when or where his trial would be conducted. In *Simpson*, the public defender was permitted to withdraw only two days before trial when the defendant ostensibly retained a private attorney with whom he had not yet had an opportunity to consult. Due to a lack of adequate opportunity for preparation, the retained counsel then refused to participate in the defense of the case when the trial court refused a continuance, and on the same day the defendant was required to proceed to trial without any attorney.

Considering first the argument of defendant that he was denied an adequate opportunity to secure an attorney of his choice,[4] we note our decision in Durbin v. State, Okl.Cr., 473 P.2d 657 (1970). Here, the defendant was arrested following the filing of an application for revocation of his suspended sentence. Upon his arraignment that day, he pled not guilty and advised the court that he would employ counsel of his own choice, and the matter was set for a hearing one week hence. When the defendant was brought before the court for the hearing, he advised that he had sought to employ a Tulsa attorney but had been unable to do so. The court then appointed the public defender to represent the defendant after finding that the defendant was without funds, that he had previously been advised of the date set for hearing, but had not employed counsel, and

---

1. See, State v. Torres, 54 Haw. 502, 510 P. 2d 494 (1973).

2. Harris v. State, 119 Ga. 114, 45 S.E. 973. 974 (1903).

3. This case is perfectly in line with the holding of this Court in *Lotta*, supra.

4. In connection with this issue, see Wright v. State, Okl.Cr., 505 P.2d 507 (1973) for a concise summary and comparison with the holdings of this Court in Abel v. State, Okl. Cr., 383 P.2d 710 (1963); Application of Kinnison, Okl.Cr., 335 P.2d 645 (1959) and Jackson v. State, Okl.Cr., 316 P.2d 213 (1957).

that there was no licensed attorney in Tulsa with the name of the attorney that defendant had purportedly sought to retain. In holding that the defendant had not been denied his right to employ counsel of his choice, this Court emphasized:

"[E]ven the most cursory examination of the record wherein the court inquired as to the financial ability of the defendant to employ counsel or pay for the record discloses that the defendant had not employed counsel and was not financially able so to do."

In Tillman v. State, Okl.Cr., 490 P.2d 1369 (1971), defendant appeared for trial represented by his court appointed attorney and informed the court that he wanted to hire his own lawyer. The trial court then ascertained that during the four months the defendant had been held in jail pending trial he had been represented by his appointed attorney, that the defendant was indigent, that both the defendant and his appointed attorney had contacted the defendant's parents who lived out of state, that the defendant had approximately 30 days' notice of the trial date, that the appointed attorney was prepared to represent the defendant, and the defendant failed to state why he did not want his appointed attorney to represent him. In holding that the defendant had been granted sufficient time and opportunity to secure counsel of his choice, this Court quoted from Thompson v. State, Okl.Cr., 462 P.2d 299 (1969), Syllabus 1 as ·follows:

"Although every accused has the right to counsel, he is not entitled to a further continuance in his trial to secure private counsel of his choice where he has been represented since inception of the charge by retained counsel or court-appointed counsel and appears for trial with court-appointed counsel adequately prepared to defend accused."

 The defendant emphasizes that he was in custody pending trial in lieu of having posted bond, and being unable to actively assist in procuring counsel, he had to rely on others. However, we believe that detention in custody is but one of the factors to be considered under the total circumstances of the case. We note that 51 days elapsed between the date of defendant's arrest and trial, and that defendant was advised of the trial date at arraignment three weeks prior to trial. The record affirmatively shows that defendant had the assistance of his mother and a girlfriend. The attorney representing defendant here on appeal readily admits defendant's indigency, and represents defendant without charge as a friend of the family with the record herein having been prepared at the expense of the State. The record also discloses that defendant simply desired to employ an attorney he could not afford with even the assistance of others. While he hoped to retain the Oklahoma City attorney, he had only entered. into preliminary negotiations for engagement of this attorney who had not yet entered the case nor agreed to do so. Although the record here indicates the defendant was of limited education and experience, he had reasonable notice of the trial date, was granted access to the assistance of friends and relatives, was clearly indigent, did not in fact have a retained attorney, and the trial court made · reasonable inquiry as to whether he had or could retain an attorney. We therefore hold that defendant was granted a reasonable opportunity to secure representation at trial by an attorney of his choice.

We next consider the argument of defendant that he was denied adequate time and opportunity to even prepare for trial with his appointed attorney and thereby effectively deprived of the assistance of counsel. In Fothergill v. State, Okl.Cr., 509 P.2d 157 (1973), we held that the defendant's contention that he was forced to trial without sufficient time to prepare was totally devoid of merit, and that the trial court properly exercised its discretion in denying a continuance. Here, defense counsel was originally appointed prior to the preliminary examination on July 12, 1971, and represented defendant at that hearing. The defendant secured a continuance of the original trial date in Novem-

ber, 1971, to the following January. The appointed attorney was then permitted to withdraw on November 23, 1971, at the request of the defendant that he be allowed to retain counsel of his own choice. When the defendant failed to retain an attorney, the previously appointed attorney was reappointed two days prior to trial.

While stating that, "the courts should make every effort to effect early appointments of counsel in all cases," we note further that the United States Supreme Court has held that even the appointment of an attorney not familiar with the case on the day of trial is not per se an effective denial of assistance of counsel absent a showing of prejudice. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).[5] We have held that where the defendant has previously been granted an adequate opportunity to secure counsel and prepare his defense but has failed to do so without a valid reason, and an attorney unfamiliar with the case is appointed on the day of trial, the denial of a continuance to allow for trial preparation by the attorney is not an effective denial of assistance of counsel. To hold otherwise would completely frustrate the judicial process and the orderly administration of justice. Lamascus v. State, Okl.Cr., 516 P.2d 279 (1973) and Nipp v. State, Okl.Cr., 374 P.2d 624 (1962). Moreover, this Court has repeatedly held that motions for continuance are directed to the sound discretion of the trial court and unless abuse of such discretion clearly appears the trial court's refusal to grant a continuance will not be disturbed. Mahan v. State, Okl.Cr., 508 P.2d 703 (1973).

Although there was no motion for continuance in the present case, in view of the declarations by defendant that he was not ready to proceed to trial, we have considered this argument for fundamental error. In holding that defendant was not effectively deprived of the assistance of counsel, we note that defense counsel also repre-

sented defendant through preliminary hearing and arraignment from March 8 to April 11, 1974, and as recognized by the trial court, was thoroughly familiar with the case. Also, the belated reappointment of defendant's attorney was occasioned by the defendant himself, and he has failed to establish any prejudice in this regard.

Considering finally the argument of defendant that he was required to proceed to trial with an appointed attorney not satisfactory to him, we observe that defendant has failed to urge or establish any resulting prejudice, and the defendant did not in any manner undertake to waive such representation. When the defendant has been granted an adequate opportunity to secure counsel of his choice, his simple preference for another attorney is not an effective deprivation of the assistance of counsel. In Cowan v. State, Okl.Cr., 507 P.2d 1256 (1973), this Court stated:

"The right to effective and adequate counsel does not encompass the right to have a specific attorney appointed. It is the general rule that relief from conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce or a mockery of justice, or was shocking to the conscience of the court."

The defendant contends in his second and final proposition of error that the trial court committed reversible error in permitting the State to endorse a material witness on the day of trial and at a time when the defendant was not represented by an attorney. When the case was first called for trial, the record reveals that the State was permitted to endorse Raymond Albert as a witness and that his testimony was material. However, we find this proposition also to be without merit for the reason that any error was not properly preserved before the trial court.

In support of this proposition the defendant relies principally upon McCollough

5. Also see *Torres*, cited at footnote 1 above, for an analysis of factors to be considered in such cases.

v. State, Okl.Cr., 360 P.2d 727 (1961) and Harding v. State, 95 Okl.Cr. 8, 238 P.2d 376 (1951). As indicated in *McCollough*, we agree that in contemplation of Article II, Section 20 of the Oklahoma Constitution and 22 O.S.1971, § 303, the names of other witnesses discovered subsequent to the filing of the Information should be endorsed at the earliest opportunity. However, each of these cases are distinguishable in that an objection was interposed to the endorsement of the witness before the trial court together with a motion for continuance in behalf of the defendant.

This Court has on numerous occasions held that in such cases the trial court in the exercise of judicial discretion may permit the name of a witness to be endorsed upon the Information even after the trial has commenced. Paschall v. State, 96 Okl.Cr. 198, 252 P.2d 175 (1952). Also, we have repeatedly reaffirmed the following language which appears to have originated in Syllabus 2 of Shaw v. State, 53 Okl.Cr. 389, 12 P.2d 550 (1932):

> "If, after announcing ready for trial, defendant's counsel first learns of the indorsement of the names of additional witnesses on an information, if the defendant is surprised thereat, and such indorsement of additional witnesses requires a production of further testimony by defendant, he should withdraw his announcement of ready for trial and should file a motion for a postponement or a continuance in which he should set out the facts constituting such surprise, and what evidence, if any, he could produce to rebut the testimony of such additional witnesses if the case were postponed or continued. Where he fails to do this, the error, if any, is waived."

In *Shaw* we also noted that:

> "To do otherwise is to permit a defendant to speculate upon the verdict of the jury, and, if it results in a conviction, to then claim a new trial on account of an abuse of discretion."

The defendant recognizes this well settled rule but contends it is inapplicable here because the endorsement was made at a time when the defendant was not represented by an attorney. The defendant thereby fails to perceive that any error may be asserted when the endorsement is discovered, and need not necessarily be raised when the endorsement is granted. The record here discloses that the endorsement was brought to the attention of the defendant's attorney before trial when he was reappointed. Nevertheless, none of the above steps for preservation of any error were undertaken when the defendant later proceeded to trial, or when the witness was called to testify. Neither was an objection interposed when the testimony of the witness exceeded the summary of expected testimony set forth in the motion to endorse this witness, nor was this proposition urged in error in defendant's motion for new trial. Clearly, the defendant cannot now urge any error in this regard for the first time on appeal.

In conclusion, we observe that the record is free of any error which would warrant modification or reversal. The judgment and sentence is, accordingly, affirmed.

BRETT, P. J., and BLISS, J., concur.