Jimmy Dale STILWELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-76-723.

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1977.

**1264**

Glenn Rawdon, Norman, Court appointed Atty., for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., John J. Powers, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

The Appellant, Jimmy Dale Stilwell, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cleveland County, Case No. CRF–75–641, for the offense of Escape from the Penitentiary, in violation of 21 O.S.1971, § 443. In accordance with a jury verdict, he was sentenced to serve a term of four (4) years' imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Since this appeal contains no assignments of error which concern the facts in this case, a very brief recitation of the evidence is in order. The State called three witnesses who essentially testified that the defendant was in the custody of the Department of Corrections of the State of Oklahoma stemming from a judgment and sentence on plea of guilty from Woodward County, dated September 29, 1975, and sentencing this defendant to four (4) years under the direction and control of the Department of Corrections of the State of Oklahoma. On October 24, 1975, the defendant was transported from the Oklahoma State Penitentiary at McAlester to the Regional Treatment Center at Lexington, Oklahoma. On December 3, 1975, the defendant was reported missing by the duty officer at the treatment center. On December 10, 1975, at approximately 1:00 a. m., the defendant was recaptured by Officer Richard Spurgeon of the Oklahoma City Police Department in Oklahoma City.

For his first assignment of error, the defendant alleges that the trial court erred by allowing the prosecution to call Officer Spurgeon, since he had not been properly endorsed on the original Information on file herein. Defendant also complains that he should have been granted a continuance at the time of trial when the State called the above witness to the stand.

After a careful examination of the record in this case we find no merit to this argument. The record indicates that the defendant was charged by Information

with the offense of "Escape from Penitentiary" on the 5th day of December, 1975. On the 23rd day of January, 1976, the Cleveland County District Court appointed an attorney to represent the defendant. On that same day the defendant appeared with his court-appointed counsel, moved for and received a continuance of his preliminary hearing until the 28th day of January, 1976. On January 26, 1976, the District Attorney's Office made formal application, in writing, and received an Order, in writing, allowing them to endorse two additional witnesses, one of whom is the witness whose testimony is the source of this alleged error. This application and order were filed of record in the Cleveland County District Court on January 27, 1976. On January 28, 1976, the preliminary hearing was held and the defendant was bound over for trial. On the 18th day of February, 1976, the defendant, accompanied by counsel, was formally arraigned in the Cleveland County District Court.

The record clearly indicates that the defendant himself received notice in writing that the State had endorsed an additional witness, Officer Spurgeon, to testify prior to the preliminary hearing. This endorsement was served on the defendant in the Cleveland County Jail and the original was filed in the case. Counsel for defense argues that the defendant, a lay person, did not realize the significance of the endorsement and, therefore, failed to inform his counsel. We find no merit in this argument. While the defendant may, or may not, have negligently failed to inform his counsel of papers he had received while incarcerated, the fact remains that the original of said application and order were on file in the case both at the time of preliminary hearing and the subsequent formal arraignment. Both defendant and counsel for defense would now have us say that their failure to take notice of that which is in the record is grounds for reversal. With this concept we certainly cannot agree.

We find that the State complied with 22 O.S.1971, § 384, when it formally endorsed the additional witness some one month pri-

or to the jury trial and served a copy of same on the defendant in the county jail. Furthermore, the defendant acknowledged the receipt of his copy of said endorsement. (Tr. 35)

■ Secondly, even for the sake of argument, if defendant had not acknowledged a receipt of the endorsement, nor had it been filed of record in the case, it still might not have been grounds for reversal. It is a well settled rule that endorsement of a witness on an Information may be permitted at any time within the trial court's discretion. *Williams v. State*, Okl.Cr., 447 P.2d 456 (1968) and *Eveland v. State*, 87 Okl.Cr. 161, 195 P.2d 771 (1948).

■ Defendant makes an alternative argument that if this Court finds that the trial court did not abuse its discretion in allowing the witness to be endorsed, that he should have been granted a continuance. Since we have found that the witness was properly endorsed some one month prior to trial, this argument is totally without merit; however, the granting or refusing of a continuance based on the endorsement of additional witnesses is, once again, within the sound discretion of the trial court. *Williamson v. State*, Okl.Cr., 532 P.2d 444 (1975). See, also *Hay v. State*, Okl.Cr., 447 P.2d 447 (1968), wherein we held, in the first paragraph of the Syllabus:

"An application for continuance on the ground of want of time to prepare for trial, is addressed to the sound discretion of the trial court, and the ruling of that court will not be disturbed on appeal, unless an abuse of discretion is shown."

As stated before, the additional witness was in fact formally endorsed as a witness and the trial court did not abuse its discretion in denying defendant's Motion for Continuance.

For his last assignment of error the defendant complains that the trial court erred in allowing the trial to continue when one of the jurors was ill and unable to listen to the testimony and to return a proper verdict in this case.

No where in the record can we find any mention of the illness of a juror until de-

fendant filed his Motion for New Trial on March 24, 1976. At that time he alleged that one of the jurors was obviously ill and unable to fairly listen to the testimony in this matter and that her condition most probably rushed her decision and deprived the defendant of a fair trial. While there is nothing in the record to indicate what, if any, conversation took place concerning this juror, the defendant argues in his brief that a juror called the trial court and asked for permission to stay home after the noon recess. No record of any objection to this juror is to be found. In *Hardesty v. State*, Okl.Cr., 291 P.2d 351 (1955), this Court dealt with the issue of disqualification of a juror for mental incompetency. At that time we held:

> ". . . Objection to a juror on the ground of personal incapacity comes too late after the verdict. . . ."

Assuming arguendo that the defendant is not deemed to have waived his objection, it is a well-settled rule that the question of competency of a juror is addressed to the sound discretion of the trial court, and absent a showing of abuse of discretion, the finding of the trial court will not be disturbed on appeal. *Greathouse v. State*, Okl.Cr., 503 P.2d 239 (1972).

Furthermore, there is nothing in the record, either during the jury trial or on the hearing on the Motion for New Trial, to support the argument of the defendant. In *Cox v. State*, Okl.Cr., 283 P.2d 545 (1955), we held, in pertinent part, in paragraph 7 of the Syllabus:

> "Before the final submission of a case the legal presumption is that the jurors performed their duty in accordance with the oath they have taken . . ... The defendant must affirmatively show that by reason thereof he was denied a fair and impartial trial, or that his substantial rights were prejudiced."

In *United States v. Hall*, 536 F.2d 313 (10th Cir. 1976), a juror had been taken ill and hospitalized, and that Court held that the defendant had failed to produce evidence to suggest that at the time of service the juror was incompetent to understand issues or conduct deliberations. Such is the case concerning this defendant. Therefore, even if the defendant is not deemed to have waived his objection, he has failed to bring forth an affirmative showing of prejudice, and has failed to show that the trial court abused its discretion in allowing the juror to serve.

Finding no error in this case which requires either modification or reversal, we hold that the judgment and sentence appealed from should be, and the same is hereby, AFFIRMED.

BRETT, P. J., and BLISS, J., concur.